CHARLES AMORY & others *vs.* JAMES S. MELVIN & another.
SAME *vs.* ROBERT BACON & another.

If the lessee of a part of a building covenants with the lessor that he will pay the taxes which may be payable or assessed in respect of the premises, the lessor may prove a usage to apportion the taxes among the different tenants according to the amount of rent paid by each.

Under a lease which expired on the first of July, 1870, and in which the lessee covenanted that he would pay the taxes which might be payable or assessed in respect of the premises during the term, the lessee is liable to pay the taxes for the year 1870, although the assessors did not complete their valuation and determine the rate of taxation till August; the tax being in law regarded as assessed upon the first of May.

ACTIONS OF CONTRACT to recover the taxes assessed on the first of May, 1870, upon the premises occupied by the defendants as tenants of the plaintiffs under leases containing covenants that the " lessees . . . . will during the said term . . . . pay to the said lessors . . . . all taxes . . . . which may be payable or assessed in respect of the premises or any part thereof during said term." The cases were tried in the Superior Court, before *Brigham*, C. J., without a jury, when the following facts appeared:

The defendants entered into the contracts of lease declared on in the respective declarations, and occupied the premises described in the leases, until July 1, 1870, paying rent and taxes according to the terms of the leases, excepting the taxes sought to be recovered in these actions, of which they had notice, and which they refused to pay.

The premises described in the leases were part of a building styled Amory Hall, which, with the land upon which it stood, was valued by the city of Boston, for the purposes of taxation for the year 1870, and as of May 1, 1870, at the sum of $182,000, and the taxes for the year 1870, assessed upon the same, was at the rate of $15.30 per $1,000 and amounted to the sum of $2784.60, which was paid by the plaintiffs in October, 1870.

The plaintiffs sought to recover of Melvin & Badger, the defendants in the first suit, the sum of $543.09, a sum bearing the same proportion to the tax assessed upon Amory Hall ($2784.60) as the rent reserved under their lease, $2500, (or

$3043.09, adding taxes treated as rent,) bore to the sum of the whole rents of Amory Hall for the year 1870, $13,800.00 (or $15,603.46, adding taxes treated as rent); and they sought to recover of R. & T. C. Bacon, the defendants in the second suit, the sum of $651.71, a sum in like manner bearing the same proportion to the tax assessed upon Amory Hall as the rent reserved under their lease bore to the whole rent, in accordance with the statement following:

| Tenants. | Rents Proper. | | | Entire Rents. | Apportionment of Taxes. |
|---|---|---|---|---|---|
| Walker, | $ 410.75 | and | taxes. | $500.00 | $89.23 |
| R. & T. C. Bacon, | 3,000 | " | " | 3,651.85 | 651.71 |
| Melvin & Badger, | 2,500 | " | " | 3,043.21 | 543.09 |
| Gross & Strauss, | 2,800 | " | " | 3,408.40 | 608.27 |
| Gross & Strauss, | 2,500 | " | " | 3,000.00 | 535.38 |
| Currier, | 1,700 | " | " | 2,000.00 | 356.92 |
| | | | | $15,603.21 | $2,784.60 |

Apportionment of taxes among the different tenants of the same estate was, by usage, made in the mode adopted by the plaintiffs in this case; and the defendants, during their occupation under the leases, had, on previous occasions, paid taxes on the leased premises, apportioned as in the present case; but there was no evidence that when the defendants thus paid taxes, the mode of apportioning the same was disclosed to them, or was in question between them and the plaintiffs. The evidence of this usage was admitted against the objection and subject to the exception of the defendants. The valuation for taxation and assessment of taxes, made upon Amory Hall for the year 1870, was in the mode customary in the city of Boston, as follows: one or more assistant assessors, to whom were assigned specific districts, inspected estates, and estimated their value for the purposes of taxation, and reported their estimate, &c., to the board of assessors, and thus the whole valuation of the city was obtained and reported, having reference to values on May 1, 1870, and the valuations thus obtained were completed and recorded on August 9, 1870, and on August 23, 1870, the rate of taxation was fixed.

The Amory Hall premises included a small yard, of which some of the tenants, but not all of them, during the defendants

occupation under the leases, had the use either for purposes of light, air or storage; and the defendants Melvin & Badger had such use of the yard in common with three other tenants. But the defendants R. & T. C. Bacon had no use of the yard for any purpose.

The defendants had occupied the premises under different leases. The other tenants of other parts of the building had had leases also, of different terms, and the rent had varied with them in the different terms.

Upon the foregoing facts, the court ruled that plaintiffs were entitled to recover of the defendants taxes under the leases, apportioned as above, for the year 1870, and found for the plaintiffs. The defendants, in each case, alleged exceptions.

*A. A. Ranney,* for the defendants. The offered evidence of usage was incompetent, and the usage proved was invalid. The matter of taxes was provided for by an express written contract, admitting of a reasonable interpretation, which usage could not enlarge, vary or control. *Insurance Companies* v. *Wright,* 1 Wall. 456. 1 Smith's Lead. Cas. (6th Am. ed.) 681. *Macomber* v. *Parker,* 13 Pick. 175, 181 and 182. *Randall* v. *Rotch,* 12 Pick. 107. *Dickinson* v. *Gay,* 7 Allen, 29, 37.

If the taxes are to be apportioned *pro rata,* according to the rents paid by the different tenants, the contract requires them to be apportioned according to the rents paid under the leases existing at the time when the defendants' leases were given. The usage to apportion according to the rents in fact paid on the first of May of each year, under contracts made between the lessors and other tenants, subsequently to the defendants' lease, contravenes the law and violates the written contract. It is unreasonable to make the apportionment according to the rents actually paid, because the defendants are thereby subject to the lessors' power to let other portions of the building at prices which they see fit, and the defendants are thus at the mercy of the lessor. Reason and justice require an apportionment according to the relative value of the leasehold premises, compared with the whole value as estimated by the assessors for the whole estate. *Wall* v. *Hinds,* 4 Gray, 256. This point was not argued at all

in *Codman* v. *Hall*, 9 Allen, 335, and is not fully developed in the opinion of the court. Besides, the two cases differ. It does not appear in that case when the taxes were assessed or payable. They may have been assessed and payable within the term. There is a difference also between the covenants in the two cases, and for aught that appears, the different lessees in that case held under contemporaneous leases.

The previous practice of the parties could not control or vary, or be used to construe the subsequent contract in writing. Besides, it appears that the taxes so apportioned were paid without knowledge of the mode in which the assessment had been made.

The covenants in the leases provide for no apportionment, or mode of apportionment, of the taxes. This want cannot be supplied by parol evidence of usage, because no provision is made for an apportionment in the contract, and the obligation to pay arises from an express written covenant. *Macomber* v. *Parker*, 13 Pick. 175. *Dickinson* v. *Gay*, 7 Allen, 29, 37. *Metcalf* v. *Weld*, 14 Gray, 210, 212. *Lewis* v. *Thatcher*, 15 Mass. 431, 432.

As the taxes were not actually payable or assessed during the defendants' term, none are collectible of them for the year 1870. In *Wilkinson* v. *Libbey*, 1 Allen, 375, the taxes were found to have been assessed on May 1st. It is otherwise in the case at bar.

In the second of these cases the defendants had no use of the yard; in the first, the defendants used it in common with other tenants. This is important, as bearing upon the apportionment and the validity of the alleged usage. In the defendants' lease, in one case, vacant land was included; in the other, it was not.

*E. Merwin*, for the plaintiffs, was not called upon.

MORTON, J. These actions are brought upon the covenants of leases, to recover the taxes assessed for the year 1870. In the leases the defendants covenant that they will pay " all taxes and assessments whatsoever, which may be payable or assessed in respect of the premises, or any part thereof, during said term. The leased premises were parts of a large building which was

leased to several tenants. At the trial the presiding judge admitted evidence of a usage in Boston, in such cases, to apportion the whole tax assessed upon the building among the different tenants according to their respective rents. This question was directly decided in *Codman* v. *Hall*, 9 Allen, 335. Though an estate is leased to several independent tenants, taxes are uniformly assessed upon the whole estate. The covenant of each tenant to pay taxes cannot be construed to mean the taxes upon the whole estate. From the nature of the case some mode of apportioning the whole tax must be contemplated by the parties. The usage to apportion it in proportion to the rents paid by the tenants is a convenient and reasonable usage, and in the absence of any express stipulation upon the subject, the parties must be deemed to have contracted in reference to it.

The defendants also contend that as their leases expired on the first day of July, 1870, and as the board of assessors did not fix the rate of taxation and assess the tax until August, they are not bound by their covenants to pay the taxes for the year 1870. But it is immaterial when the valuation of estates is completed, or when the tax is payable. The assessment, when completed, relates back to the first of May, and the tax is in law regarded as assessed on that day. The taxes for 1870 were therefore taxes " assessed in respect of the premises during said term," and the defendants are liable for it under their covenants. The case of *Wilkinson* v. *Libbey*, 1 Allen, 375, is decisive upon this point.

*Exceptions overruled.*