1893.] People ex rel. N.Y., etc., Co. et al. *v.* Barker et al. 437

N. Y. Rep.]                    Statement of case.

that any authority can be found which would go to the extent of holding that a purchaser has waived defects in title, who, without having the actual possession, or the right to the possession of the real property, undertakes to sell to some third person, pending the investigation of the title, some fixtures or other portions of the freehold. Such an agreement, however expressed, is dependent upon the future consummation of the contract of sale between the parties.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.

---

The People ex rel. The New York Hotel and Restaurant Company et al., Appellants, *v.* Edward P. Barker et al., as Commissioners of Taxes, etc., Respondents.

The provision of the New York Consolidation Act (§ 822, chap. 410, Laws of 1882), giving to the commissioners of taxes and assessments power to remit or reduce taxes after delivery of the books to the receiver of taxes, provided the applicant or party aggrieved shall satisfy them that he was prevented by absence from the city or by illness from making his application within the time limited by the prior provisions of the act for correction, applies to domestic corporations.

As such a corporation must act through its officers and agents, if they are all absent from the state or are prevented by sickness from making the application for correction within the time fixed by the prior limitation, it is entitled to the benefit of said provision.

If a party aggrieved is absent from the state or confined by illness, he may appear and make the application for correction under said provision by an agent or attorney who has sufficient knowledge of the facts to present the proofs.

So, also, *it seems*, that if an owner of property residing in the city has placed his entire business in the hands of an agent who has full knowledge in respect thereto, such agent may appear for his principal and make the requisite proof on application for the correction of an assessment, and if the agent be prevented by absence or sickness from making the application within the proper time, it may be made afterwards under said provision.

*People ex rel.* v. *Barker* (69 Hun, 287), reversed.

(Argued December 11, 1893; decided December 19, 1893.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made May 12, 1893, which affirmed an order of Special Term denying an application by the relators for a peremptory writ of mandamus against the defendants as commissioners of taxes in and for the city and county of New York, commanding them to entertain the relators' application for the cancellation of an assessment.

The facts, so far as material, are stated in the opinion.

*Alfred B. Cruikshank* for appellants. The statute clearly authorized the application made by the relators to the commissioners. (Laws of 1882, chap. 410, § 822.) The word " person " in the statute includes corporations. (*Field* v. *N. Y. C. R. R. Co.*, 29 Barb. 176 ; *Johnson* v. *McIntosh*, 31 id. 267 ; *Cary* v. *Marston*, 56 id. 26, 29 ; *Wallace* v. *Mayor, etc.*, 2 Hilt. 440 ; *J. S. T. Co.* v. *W. U. T. Co.*, 56 Barb. 46, 53 ; *P. Society* v. *L., etc., S. Assn.*, L. R. [5 App. Cas.] 857 ; *P. M. Co.* v. *Pennsylvania*, 125 U. S. 181 ; *La Farge* v. *E. F. Ins. Co.*, 22 N. Y. 352, 354 ; *People ex rel.* v. *Comrs. of Taxes*, 23 id. 242, 243 ; *B., etc., L. Ins. Co.* v. *Comrs. of Taxes*, 1 Keyes, 303, 305 ; *People ex rel.* v. *McLean*, 80 N. Y. 254, 259.) Domestic corporations are within the intent and reason of the statute. (*Tonnele* v. *Hall*, 4 N. Y. 140 ; *James* v. *Patten*, 6 id. 9 ; *Murray* v. *N. Y. C. R. R. Co.*, 3 Abb. Ct. App. Dec. 339 ; *Tracy* v. *T., etc., R. R. Co.*, 38 N. Y. 433 ; *Smith* v. *People*, 47 id. 330 ; *In re Folsom*, 56 id. 60.) The statute is highly remedial, and should be liberally construed. (*People* v. *H. Ins. Co.*, 92 N. Y. 347.) The relators are entitled to a peremptory mandamus. (*Mayor, etc.*, v. *Furze*, 3 Hill, 612 ; *Phelps* v. *Hawley*, 52 N. Y. 23 ; *People* v. *Bd. Suprs.*, 68 id. 114 ; *Hagadorn* v. *Raux*, 72 id. 583 ; *People ex rel.* v. *Suprs.*, 51 id. 401.)

*D. J. Dean* for respondent. Both the action of the commissioners of taxes and assessments in refusing to receive and consider the application, and the ground upon which they

based their refusal were proper. (Laws of 1882, chap. 410, §§ 817, 820, 822.)

Earl, J. The relator, the Hotel and Restaurant Company, is a domestic corporation having its principal place of business in the city of New York, and its personal property was assessed for the purposes of taxation for the year 1892 at the sum of $200,000.

It is provided in the Consolidation Act relating to the city of New York (Chapter 410, Laws of 1882, §§ 817, 818, 819 and 820), that the assessment books shall be kept open by the commissioners of taxes and assessments for examination and correction from the second Monday in January until the first day of May in each year, and that during that time " application may be made by any person considering himself aggrieved by the assessment of his personal or real estate to have the same corrected." Section 822 provides as follows:

" The commissioners of taxes and assessments are hereby invested with power to remit or reduce a tax imposed upon real or personal estate. It shall require a majority of the commissioners to correct or reduce the assessed valuation of the personal property of any person, and no tax on personal property shall be remitted, canceled or reduced unless the applicant or party aggrieved shall satisfy the commissioners that he has been prevented by absence from the city or by illness from making his complaint or application to them within the time allowed by law for the correction of taxes. Any remission or reduction of taxes upon real estate must be made within six months after the delivery of the books to the receiver of taxes for the collection of such tax. The board of aldermen shall have no power to remit or reduce any tax."

Within the six months specified in this section the relators applied to the commissioners upon affidavits to have the assessment canceled and removed from the assessment books, upon the ground that the corporation had no personal property liable to assessment, and the commissioners, after hearing the relators

and reading the affidavits, determined that their application should be dismissed, and they refused to pass upon the merits of the same, upon the sole ground "that the said commissioners had no power to entertain or grant the same, for the reason and claiming that a domestic corporation, having its place of business in the city of New York, could not be prevented by absence or illness from making complaint within the meaning of the Consolidation Act."

The relators then applied to the Special Term for a writ of mandamus, directed to the commissioners, commanding them to entertain and consider their application for the cancellation of the assessment. Their application was denied upon the same ground taken by the commissioners, and the order denying the writ was affirmed by the General Term upon the same ground.

We think the construction of section 822 by the commissioners and the courts below is too narrow, and that the section is applicable as well to domestic corporations as to individuals. It is a remedial provision of law which should be fairly and comprehensively construed, with the view of giving all parties aggrieved the benefit of the remedy therein provided. The purpose of the provision is to prevent unjust and unequal taxation, and no reason can be perceived for denying its application to domestic corporations. Literally speaking, a domestic corporation cannot be "sick" or "absent from the state;" but corporations must act through their officers and agents, and if they are all absent from the state or are prevented by sickness from making the application within the time limited by the prior sections, we know of no reason why they should not have the benefit of section 822. The terms "he," "his" and "person," used in the statute, may comprehend a corporation. Various decisions and authorities upon this subject are found in the brief for the appellants, and are referred to without repeating them here. There is no reason why the party aggrieved in such a case may not act by an agent who has sufficient knowledge of the facts to present the proofs, and if the party should be absent from the state, or confined by ill-

1893.] People ex rel. N.Y., etc., Co. et al. *v.* Barker et al. 441

N. Y. Rep.]        Opinion of the Court, per Earl, J.

ness to his house for several months, it would be a very narrow construction of the statute to hold that he could not appear and make the application under that section by an agent or attorney who had sufficient knowledge of the matter. We have held that, on what is called "grievance day," the person assessed may appear by agent to procure a reduction or correction of an assessment made against him. (*Matter of Corwin*, 135 N. Y. 245.)

If the owner of property residing in the city of New York, places his entire business in the hands of an agent who has full knowledge in respect thereto, such agent may appear for the owner and make the requisite proof upon an application for the correction of an assessment; and if that agent be prevented by absence from the state, or illness during the proper time from making the application, it may be made afterward under this section. In such case the party assessed has been prevented by "absence from the state" or by "illness," *to wit*, by the absence or illness of his agent from making the application. So when a domestic corporation, by the absence or illness of all its officers and agents who had charge of the matter, is prevented during the proper time from making the application, such corporation may afterward make the application under section 822.

It is undoubtedly true that this section may be construed as it has been by the commissioners and the courts below; but we think the intention of the legislature and the beneficent purpose of the provision will be best subserved by the construction we give.

Our conclusion, therefore, is that the orders of the General and Special Terms should be reversed and the case remitted to the Special Term for its action upon the application for the peremptory writ; and that the appellants recover their costs in all the courts of the respondents.

All concur.

Ordered accordingly.