## MARTIN W. STIMSON *vs.* FREEMAN M. CROSBY.

Suffolk. November 22, 1901. — January 3, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Landlord and Tenant,* Construction of covenant in lease.

The lessee of a portion of a building subsequently took from the same lessor a lease of all the remaining portion of the building except one closet. By both leases the lessor was to pay the taxes. The second lease was made to terminate at the same date with the first and contained the following covenant: " It is also agreed and understood by the parties hereto that in case the taxes now levied on said premises should be increased above the present assessment, that the lessee shall pay such excess." The first lease contained no such provision. The tax on the building was increased, and the lessor brought an action on the covenant quoted. *Held,* that the covenant bound the lessee to pay the excess of the tax on the whole building and not merely the proportion of it pertaining to the part of the premises included in the second lease.

CONTRACT to recover $545.42 with interest thereon from November 1, 1900, being the amount of the increase of the taxes levied upon the premises numbered 17, 19, 21 on School Street in Boston, for the year 1900, above the amount of taxes levied upon these premises for the previous year. Writ dated December 4, 1900.

At the trial in the Superior Court, before *Bond,* J., the following facts appeared : By a lease dated January 21, 1899, the plaintiff let to one Joseph D. Valiquet, for a term ending July 31, 1903, the first and second stories, room 7 on the third story, and the basement of the building numbered 17 and 19 on School Street in Boston for an annual rent of $8,180. On November 24, 1899, Valiquet assigned this lease to the defendant, and the plaintiff, as lessor, consented to the assignment. Afterwards, by a lease dated December 1, 1899, the plaintiff let to the defendant for a term ending July 31, 1903, the rooms numbered 8, 9, 10, 11, 12, in the building numbered 19 and 21 on School Street, in Boston. " Also, all the rooms on the fourth and fifth floors of said building, excepting, however, from the premises hereby leased, the closet on the third floor on the westerly side of the hallway in said building," at an annual rental of

$1,450. The two leases included the entire building except the closet mentioned in the last lease.

The last mentioned lease contained the following provisions:

"It is understood and agreed that the lessee shall make all repairs of every name and nature of said premises, both inside and outside, during the continuance of this lease, or any renewal thereof, as hereinafter set forth.

."It is also agreed and understood by the parties hereto that in case the taxes now levied on said premises should be increased above the present assessment, that the lessee shall pay such excess on the first day of November, in each and every year during the continuance of this lease, or any renewal thereof."

Except as above, the lessor by both leases was to pay the taxes. The taxes upon the whole premises covered by both of the leases, as assessed for the year 1899, were upon the valuation of $120,000, as follows: $104,700 land, $15,300, buildings; and amounted to $1,573.86. The taxes assessed upon the same premises for the year 1900 were upon the valuation of $144,000, as follows: $128,600, land, and $15,400 on buildings, and amounted to $2,119.28.

On the foregoing evidence, the defendant requested the judge to rule that the clause in the second lease, as a matter of law obliged the defendant to pay not the entire increase of taxes on the whole premises, but only such portion thereof as the rent reserved in that lease bore to the entire rental value of the whole premises.

The judge declined so to rule and instead ruled, that as a matter of law the words "the taxes now levied upon said premises," referred to the taxes upon the entire building and land under it, and not simply to that portion of the building included in the second lease. Upon the foregoing ruling the parties consented, saving all their rights, that the judge might direct a verdict for the plaintiff for $545, the amount named in the declaration, and this was done. The defendant alleged exceptions.

*R. W. Light*, for the defendant.

*A. P. Worthen & M. W. Stimson, Jr.*, for the plaintiff.

LORING, J. It is settled that a covenant in a lease of a part of a building, by which the lessee covenants to pay all the taxes

which may be payable for or in respect of the said premises, is a covenant to pay a proportion of the tax assessed on the whole. In *Wall* v. *Hinds*, 4 Gray, 256, where such a covenant was in question, it was contended that the covenant was to be construed literally, and if no separate tax was assessed on the part of the premises in question, nothing was due. That argument did not prevail, and an apportionment based on the relative taxable value was upheld. In *Codman* v. *Hall*, 9 Allen, 335, and *Amory* v. *Melvin*, 112 Mass. 83, a usage in Boston to apportion the taxes in such a case by the rentals in force at the date of the tax was proved, and a tenant was held liable on such a covenant for the proportion so ascertained.

By the terms of the lease in the case at bar, the lessor was to pay the taxes. The covenant in question is not a covenant to pay any excess in case, the taxes now payable for, or in respect of, said premises shall be increased, but it is a covenant " in case the taxes now levied on said premises should be increased above the present assessment, that the lessee shall pay such excess." The terms used here point more directly to the tax assessed as the thing, which is the subject of the covenant, than is the case in the covenants in question in *Wall* v. *Hinds*, 4 Gray, 256, *Codman* v. *Hall*, 9 Allen, 335, and *Amory* v. *Melvin*, 112 Mass. 83. On the other hand there is a covenant in the lease immediately before the covenant in question, in which " said premises" mean that portion of the whole building which is covered by the lease. We refer to the covenant in which the lessee covenants to " make all repairs of every name and nature of said premises." But it is a fact that the defendant had become the lessee of the rest of the building not covered by the lease in question a few days before this lease was executed, and that is a fact which can be taken into consideration in construing this covenant.

On the whole, we have come to the conclusion that we should construe the contract literally, and that the thing dealt with in the covenant is the tax which is actually assessed, that is, the tax on the whole building.

*Exceptions overruled.*