(72 App. Div. 45.)

PEOPLE ex rel. BLISS v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

MUNICIPAL CORPORATIONS—REVIEW OF TAX ASSESSMENT—FORM OF REMEDY— MANDAMUS—CERTIORARI.

Relator and his ward did not reside in New York City, but in London, England. Relator did not apply for the correction of an assessment of taxes by the tax commissioner of that city on personal property of his ward during the time provided by statute, because he was traveling on the continent at the time, and was unaware of the assessment. When he applied thereafter his application was denied. *Held*, that relator was not entitled to a writ of mandamus, as he had a plain, adequate, and sufficient remedy by certiorari.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Frank E. Bliss, against Thomas L. Feitner and others, commissioners of taxes of the city of New York. From an order granting a peremptory writ, the commissioners appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, and INGRAHAM, JJ.

David Rumsey, for appellants.

Charles E. Hotchkiss, for respondent.

McLAUGHLIN, J. The relator obtained a peremptory writ of mandamus compelling the commissioners of taxes and assessments of the city of New York to remit the tax for the year 1901, levied upon certain personal property alleged to belong to him as the general guardian of George P. Bliss, an infant. The facts set out in the petition, upon which the order directing that the writ issue was based, and such facts were not denied, were to the effect that at the time the assessment was made, and for a long time prior thereto, neither the relator nor his ward resided in the city of New York, but, on the contrary, then and for a long time previous had resided in London, England; that the relator did not apply to the commissioners of taxes and assessments during the time provided by statute in which such applications might be made to have the assessment corrected, for the reason that during that time he was "traveling on the continent of Europe, and was unaware that any assessment had been made against him as guardian of George P. Bliss," but that he thereafter applied, and his application was denied, whereupon he obtained the order from which the city has appealed.

Upon the facts presented, the relator was not entitled to a writ of mandamus, and his motion therefor should have been denied. The precise question here presented was determined adversely to the respondent by this court in People v. Board of Taxes & Assessments, 55 App. Div. 544, 67 N. Y. Supp. 241, affirmed in 166 N. Y. 154, 59 N. E. 769. There we held that a writ of mandamus would not be granted where the relator had a plain, adequate, and sufficient remedy at law to correct the grievance of which he complained. It may be assumed, as it must be upon the facts presented, that the assessment was illegal, inasmuch as the relator, by reason of nonresidence,

was not subject to assessment for the purpose of taxation in the city
of New York, and that the commissioners of taxes and assessments
acted without jurisdiction in making the assessment which they did,.
but this did not give the relator the right to resort to this remedy
to correct the error. The statute provides a remedy by which as-
sessments may be reviewed, and that is by a writ of certiorari, and it
makes no difference whether the review be desired on the ground
that the assessment is illegal because the officers making it acted with-
out jurisdiction, or unjust by reason of inequality. People v. Feitner,
44 App. Div. 239, 60 N. Y. Supp. 614. The reason why the assess-
ment should be reviewed by writ of certiorari, instead of by writ of
mandamus, was pointed out in People v. Board of Taxes & Assess-
ments, supra.

The order granting the writ, therefore, must be reversed, with $10
costs and disbursements, and the motion denied, with $50 costs. All.
concur.