(110 App. Div. 336.)

PEOPLE ex rel. CHAMBERS v. WELLS et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. TAXATION—ERRONEOUS ASSESSMENT—REMEDIES OF TAXPAYER—CERTIORARI.

New York City Charter, Laws 1901, p. 381, c. 466, § 895, provides that during the time taxbooks shall be open to public inspection, application may be made for the correction of an assessment. Section 906, p. 380, provides for certiorari to review any determination by the board of taxes and assessments, and Tax Law, Laws 1896, p. 882, c. 908, § 250, provides that the petition for certiorari must show timely application to the proper officers for correction of the assessment. New York City Charter, Laws 1901, p. 382, § 897, as amended by Laws 1902, p. 486, c. 192, gives an additional remedy by providing that the board may correct assessments of personal property, provided the aggrieved party shall satisfy the board that illness or absence from the city prevented the filing of the complaint or making the application within the time allowed by law for correction. *Held*, that where one failed to make an application for a correction of an assessment within the time that the books were open for inspection, and the board refused to thereafter consider an application certiorari would not lie, but the taxpayer's remedy was by mandamus to compel the board to consider an application.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 890–894.]

2. SAME—MANDAMUS—SCOPE OF REMEDY.

Mandamus would not lie to compel the board to act in any particular manner upon the application; there being after its action an adequate remedy by certiorari.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 911, 912; vol. 33, Cent. Dig. Mandamus, § 132.]

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of Moses Chambers, to review the action of James L. Wells and others, as commissioners of taxes and assessments, in refusing a reassessment of relator's personal property. From a judgment setting aside the assessment, respondents appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

E. Crosby Kindleberger, for appellant.
Bernard Chambers, for respondent.

CLARKE, J. The petition sets forth that on or about the 1st day of February, 1903, an assessment was made by the commissioners of taxes and assessments for the purpose of taxation, amounting to $200, upon the personal property of petitioner, to wit, $10,000; that the said assessment is erroneous by reason of overvaluation, the actual valuation of the personal property belonging to him not exceeding $500; that the petitioner was absent from the city of New York on business during the months of February, March, and April, 1903, and could not, therefore, apply personally for the correction of the erroneous assessment at that time; that in or about the month of May, 1903, the petitioner, as soon as he returned to the city of New York, made application to the said assessors for the correction of said assessment, but that said assessors have refused to make such correction; where-

fore he prayed that a writ of certiorari issue. The writ having issued, the assessors made return, among other things, that:

"The deputy tax commissioner assigned to that duty under our direction, between said times [the first Monday of September, 1902, and the second Monday of January, 1903] duly assessed the personal property of the relator for the year 1903 at the sum of $10,000, and duly entered such assessment in the Annual Record of the borough of Manhattan. The said books were kept open in our office for examination and correction from the second Monday of January, 1903, until the 1st day of April, 1903, and previous to and during the time said books were open for inspection the fact was duly advertised according to law. During the time said books were open to public inspection, as above stated, the said relator did not submit to us, or file in our office any statement in writing, or appear before us to be examined. Thereafter we confirmed the assessment originally made by the deputy tax commissioner upon the personal property of the relator in the sum of $10,000."

The said return further alleged:

"The relator did not file any statement or appear before us during the times the books were open; we hereby deny that the relator filed any application before us for the remission or reduction of the said assessment during the month of May, 1903, or at any other time. We make this return without prejudice, reserving the right to move to quash said writ on the hearing of the proceeding, on the ground that, upon the facts stated in the petition, the relator is not entitled to a writ of certiorari to review the assessment in question."

This return was verified December 9, 1903. The trial came on February 27, 1905, and the corporation counsel at the commencement of the proceedings moved to dismiss, on the ground that the petition for the writ did not show sufficient grounds for the granting of a writ of certiorari. The court allowed an amendment to the petition to show that petitioner was absent from the city during the month of January, 1903, after the second Monday thereof. The relator gave testimony tending to show that he was sick, and absent from the city from early in January until the latter part of April, 1903; that he found the tax notice, and went to the office of the tax commissioners twice, but did not succeed in seeing a commissioner. Upon the third attempt he saw President Wells and—

"Told him the case, that I was sick—laid up until now, and I find out I am assessed for $10,000 which I am really not worth anything, and I asked him that he should kindly correct this assessment, and he told me that I was too late; but I told him the reason why I was late. He said he had no power to do anything for me, and I said, 'I have not got that amount of money now.' He said, 'If you have not got it they can't take it from you.' I told him I would not like to have a judgment against me."

The learned court denied the motion to dismiss, and fixed the value of personal property subject to taxation at $500, and granted costs and disbursements against the appellants; and from the order entered thereon the tax commissioners appeal.

The assessment was not void for want of jurisdiction. The residence of relator was fully established, and necessarily found by the court as a basis for its own order. Section 895 of the charter (Laws 1901, p. 381, c. 466) provides that:

"During the time that books shall be open to public inspection, application may be made by any person * * * claiming to be aggrieved by the assessed valuation of * * * personal estate to have the same corrected.

\* \* \* If such application be made in relation to the assessed valuation of personal estate, the applicant shall be examined under oath by a commissioner of taxes and assessments or a deputy tax commissioner, as herein provided, \* \* \* and if the assessment as hereafter provided be determined by the board of taxes and assessments to be erroneous it shall cause the same to be corrected and fix the amount of such assessment as the board of taxes and assessments may believe to be just and declare its decision upon such application within the time and in the manner hereinafter provided."

Section 906 provides that a certiorari to review or correct on the merits any final determination of the board of taxes and assessments shall be allowed by the Supreme Court.

Section 250 of the tax law (Laws 1896, p. 882, c. 908) provides:

"Such petition must show that application has been made in due time to the proper officers to correct such assessment."

It seems that certiorari will not lie to correct an assessment complained of as erroneous, as distinguished from void, because made without jurisdiction of the person assessed, unless an application was made "in due time to the proper officers to correct such assessment." "No excuse could take the place of the application, which is a condition of the court's jurisdiction to correct assessments." Rumsey on Taxation, 314. In People ex rel. Littman v. Wells, 91 App. Div., at page 174, 86 N. Y. Supp., at page 311, this court said that section 906 of the charter and section 250 of the tax law are to be read together, and that the petitioner was required to show that an application has been made for the correction of an assessment. "This evidently relates to cases where the claim is that the assessment is erroneous. \* \* \* A tax is deemed erroneous when it has been assessed at an overvaluation, or, if the subject be real estate, when the assessment, though it may not be for the full market value of the property, is unequal in that it has been assessed at a higher proportionate value than other property upon the same roll. These are cases where an application to the assessing officers is a condition precedent to the right to a review by certiorari."

The case at bar comes squarely within that principle as concededly this is a proceeding to correct an erroneous assessment. The petition states:

"The said assessment is erroneous by reason of overvaluation .\* \* \* the commissioners erred in their increased assessment this year \* \* \* the petitioner was absent \* \* \* and could not therefore apply personally for the correction of the erroneous assessment at that time."

It asks that:

"The decision and acts of said commissioners and their error aforesaid may be reviewed upon the merits, \* \* \* and a correction and reduction of said assessment be made according to law."

The petitioner seeks to avail himself of the provisions of section 897 of the charter, as amended by chapter 192, p. 486, of the Laws of 1902. It reads:

"The board of taxes and assessments is hereby invested with power to remit or reduce where in the opinion of the corporation counsel lawful cause therefor is shown. It may remit or reduce if found excessive or erroneous a tax imposed upon real or personal property. It shall require a majority of the commissioners of taxes and assessments to remit or reduce the assessed

valuation of personal property, and no tax on personal property shall be re-
mitted, cancelled or reduced unless the person aggrieved shall satisfy the
board of taxes or assessments that illness or absence from the city had pre-
vented the filing of the complaint or making the application to the said board
within the time allowed by law for the correction of taxes."

This provision, however, may not be invoked in this proceeding.
This is a provision of grace. The board may reduce "where in the
opinion of the corporation counsel lawful cause therefor is shown";
but it requires a majority of the commissioners to reduce the assessed
valuation of personal property, and then it shall not be so reduced
"unless the person aggrieved shall satisfy the board of taxes and as-
sessments that illness or absence from the city had prevented the filing
of the complaint or making the application to the said board within
the time allowed by law for the correction of taxes."

But this is a certiorari to review or correct on the merits the final
determination of the board, and that determination was the assess-
ment. The allegation of the petitioner is that during the month of
May he made application for the correction of said assessment, but
that said assessors have refused to make such correction. His proof
was that on one occasion he saw President Wells, and that Wells
said petitioner was too late, and that he had no power to do any thing
for him. If the statement of the president of the board be taken at
its full value as a refusal of the board to act in the matter at all for
alleged want of power, that does not aid the relator here, and is not to
be reviewed upon certiorari. The remedy has been clearly indicated by
the Court of Appeals in People ex rel. N. Y. Hotel & Restaurant Co.
v. Barker, 140 N. Y. 437, 35 N. E. 657, 23 L. R. A. 785, to have been
an application to Special Term for a writ of mandamus directed to
the commissioners commanding them to entertain and consider the
application for the cancellation of the assessment. Of course manda-
mus will not lie to compel the board to act in a particular way upon
such application for there is, after they have acted, an adequate remedy
at law to review the decision, that is by certiorari under the tax law.
People ex rel. Bliss v. Feitner, 72 App. Div. 45, 76 N. Y. Supp. 219.

The order appealed from must be reversed, and the proceeding dis-
missed, with costs to the appellants. All concur.