The PEOPLE OF THE STATE OF NEW YORK ex rel. AROBELL SEELYE and H. PRIOR KING, as Trustees under the Will of MARY A. CONKLING, Deceased, Respondents, v. JOHN B. KEEFE and Others, as Assessors of the Village of Glens Falls, Appellants.

Third Department, May 8, 1907.

Tax — mandamus will not lie to review assessment — delayed assessment deemed to have been made within statutory time — erroneous assessment of mortgage.

When a board of village assessors has jurisdiction and has acted, mandamus will not lie to compel it to act in any particular way. The review of its acts must be had by certiorari.

An assessment must be considered to have been made as of the date required by the statute, even though the preparation of the roll is delayed by reason of the amount of work involved. When during the time within which an assessment should have been made the Mortgage Tax Law was in force, the assessors are without power to tax mortgages upon which 'he tax had been paid under that statute, even though the statute was repealed prior to the time they actually completed the roll.

When assessors have not acted with gross negligence, bad faith or malice they cannot be charged with costs on certiorari; but a successful relator is entitled to costs and disbursements against the village.

APPEAL by the defendants, John B. Keefe and others, as assessors, etc., from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Warren on the 8th day of December, 1906, reducing an assessment upon the relators' property.

*Daniel J. Finn,* for the appellants.

*Edward M. Angell,* for the respondents.

Order unanimously affirmed, with costs, upon opinion of McLAUGHLIN, J., at Special Term.

The following is the opinion delivered at Special Term:

McLAUGHLIN, J.:

The relators obtained a writ of certiorari to review an assessment upon their property for the purpose of taxation. Upon the return of the writ the respondents moved to dismiss the same, upon the ground that relief, if obtained at all, must be by mandamus and not by certiorari.

The assessing board had jurisdiction, and acted, and, therefore, a mandamus would not lie to compel it to act in any particular way. Certiorari is the proper remedy to review its acts. (*People ex rel. Chambers* v. *Wells,* 110 App. Div. 336, 341; *People ex rel. Bliss* v. *Feitner,* 72 id. 45 ·

The petition for the writ shows that the respondents assessed the property of the relators for the purpose of taxation at $5,100, and that on the 1st of August, 1906, they, by counsel, appeared before the respondents and asked that such assessment be corrected by reducing the same to $1,000, and at the same time presented proof that all of the property assessed, except $1,000, was represented by bonds and mortgages upon real estate, which had been in the year 1905 recorded under the Mortgage Tax Law, and taxes thereon paid to the 1st of July, 1906, and that the application was denied.

The return shows that by reason of the amount of property in the village of Glens Falls to be assessed, and the large amount of work involved in the preparation and completion of the assessment rolls, the respondents were unable to complete it until about the 1st of August, 1906.

The Village Law (Laws of 1897, chap. 414, § 104, as amd. by Laws of 1905, chap. 300) provides that the assessors of a village

of the first or second class shall, on or before the first Tuesday in June, prepare an assessment roll of property taxable within the village, in the same manner and form as is required by law for the preparation of a town assessment roll . Whether or not property is taxable must be determined as of that date. The fact that the assessing board did not do what the statute directed it to do could not be used as the basis of either increasing or diminishing an assessment, inasmuch as the assessment must be considered as made at the time limited for making the inquiry, viz., on or before the first Tuesday of June. (*Mygatt* v. *Washburn*, 15 N. Y. 316; *Clark* v. *Norton*, 49 id. 243; *Westfall* v. *Preston*, Id. 349; *Ætna Ins. Co.* v. *Mayor*, 153 id. 331; *Matter of American Fine Arts Society*, 6 App. Div. 496; affd., 151 N. Y. 621; *Sexton* v. *Pepper*, 28 Hun, 31.) The only changes which the assessing board is permitted to make after that date are simply to correct mistakes. (*Boyd* v. *Gray*, 34 How. Pr. 323.)

If the assessment in question be considered made as of the time when it should have been made under the statute, then the relators were entitled to have their assessment reduced to $1,000, inasmuch as all of the property assessed, over and above that amount, was exempt under the provisions of section 292 of the Tax Law (Laws of 1896, chap. 908), added by chapter 729 of the Laws of 1905, and known as the Mortgage Tax Law. This statute was then in force and so continued until the 1st of July, 1906. (Laws of 1906, chap. 532.) This conclusion is reached upon the assumption that the assessment was intended to be one in fact against the relators, and that the material facts set out in the petition are not denied in the return as per concession made in open court and written stipulation presented.

There is nothing to show that the respondents in making the assessment acted with gross negligence, in bad faith, or with malice, and, therefore, they cannot be charged with costs. The relators, however, are entitled to costs and disbursements against the village. (Laws of 1905, chap. 281, amdg. Tax Law, § 254.)

The assessment, therefore, is reduced to the sum of $1,000, with costs and disbursements to the relators against the village of Glens Falls. Such costs and disbursements, however, are not to exceed those in an action upon the trial of an issue of fact in the Supreme Court.