ABRAM V. MANN *vs.* HERBERT W. COOK & another.

Suffolk.    March 8, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Poor Debtor,* Recognizance.    *Waiver.*    *Bond,* Poor debtor recognizance.    *Arrest. Jurisdiction.    Estoppel.*

The illegality of an arrest of an alleged poor debtor on a certificate purporting to authorize arrest under R. L. c. 168, § 20, but issued by a court having no power to do so, is not waived by an application of the person arrested to take the oath for the relief of poor debtors.

Where one arrested on a certificate authorizing arrest, which was issued in a poor debtor proceeding under R. L. c. 168, § 20, is brought into court and enters into a recognizance under § 30, and later, he having observed the formalities of §§ 33, 34, as to giving notice, the judge after a hearing discharges him on the ground that at the time of the issuance of the certificate and of his arrest he was not residing or having a usual place of business in the jurisdiction of the court issuing the certificate, he has performed fully the condition of his recognizance.

One who was a resident and had a usual place of business in Lynn in the county of Essex was described in a writ in the Municipal Court of the City of Boston as having a usual place of business in Boston in the county of Suffolk, appeared and was defaulted, was likewise described in a citation under R. L. c. 168, §§ 17, 18, against him in the same court issuing on a judgment in the former action, appeared in response thereto and after many continuances was finally defaulted, and, a certificate under R. L. c. 168, § 20, authorizing arrest having issued, he was arrested. The questions whether the arrest was illegal, or whether, in an action on a recognizance bond given by him when arrested, he was estopped to deny that he had a usual place of business in Boston where the certificate authorizing arrest issued, were not decided.

CONTRACT, on a poor debtor recognizance, against the defendant Herbert W. Cook, hereinafter called the defendant, as principal and the defendant Barlow M. Cook as surety. Writ in the Municipal Court of the City of Boston dated November 10, 1905.

On appeal to the Superior Court, there was a trial before *Hardy*, J. The plaintiff's evidence established the following facts:

The plaintiff brought an action in the Municipal Court of the City of Boston against one Field of Boston, two other parties described in the writ as of Salem, and the defendant Cook described in the writ as of Lynn in the county of Essex and having a usual place of business in Boston in the county of Suffolk. He procured judgment, execution, and under R. L. c. 168, §§ 17, 18, a citation in the poor debtor session of the Municipal Court of the City of Boston against the defendant and others, all of whom appeared *pro se* in that court. In the citation and several successive executions the defendant was described as he had been in the original writ. After several continuances, the defendant Cook was defaulted and, a certificate of arrest under R. L. c. 168, § 20, issuing, he was arrested at Lynn by a Lynn constable and taken before the judge of the Lynn Police Court, to whom he protested that his arrest was illegal and that the court had no jurisdiction. The judge of that court declined to hear the question of jurisdiction until the defendant had entered into a poor debtor recognizance. The defendant under protest thereupon entered into such recognizance, the condition of the bond being as follows:

" That the said Herbert W. Cook within thirty days from the time of his arrest, as above-mentioned, will deliver himself up for examination, before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided in and by the one hundred and sixty-eighth chapter of the Revised Laws of the said Commonwealth, and the Acts amendatory thereof and supplementary thereto, and appear at the time fixed for his examination, and from time to time, until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon ; and if the said Herbert W. Cook shall in all respects observe, perform and keep the said condition, then this recognizance to be void, otherwise to be and abide in full force."

Eight days afterwards, having given the notice required by R. L. c. 168, § 33, the defendant was heard on the question of

jurisdiction, and the judge found that at the time of the application for the certificate authorizing the arrest of the defendant he had no place of abode or place of business in Suffolk County but that he both lived and had his usual place of business in Lynn in said county of Essex at the time of said application. He therefore found that the arrest was illegal and discharged the defendant for want of jurisdiction.

At the close of the plaintiff's case the defendant requested the presiding judge to rule that the plaintiff was not entitled to recover against the defendant, which he declined to do, and the defendant excepted.

The defendant thereupon offered evidence to prove that at the time of the issuance of the certificate of arrest by virtue of which he was arrested he neither lived nor had a usual place of business in Suffolk County, but that he lived and had a usual place of business in Lynn in the county of Essex. The evidence was excluded as immaterial and the defendant excepted.

The defendant made several requests for rulings among which was the following:

2. That upon all of the evidence in the case there was and has been no breach of recognizance declared on and judgment must be rendered for both of the defendants. The request was refused and the defendant excepted.

At the close of the evidence the presiding judge at the request of the plaintiff and against the objection and subject to the exception of the defendant directed the jury to find for the plaintiff, which they did.

*F. E. Shaw,* for the defendant.

*W. B. Orcutt,* for the plaintiff, submitted a brief.

HAMMOND, J. We have not found it necessary to pass upon all the questions raised by the defence. The plaintiff finds himself face to face with a dilemma either horn of which is fatal to his case.

If, as is contended by the defendants, the arrest was illegal, then the recognizance is invalid (*Atwood* v. *Wheeler,* 149 Mass. 96), the invalidity was not waived by the application to take the oath for the relief of poor debtors (*Smith* v. *Bean,* 130 Mass. 298), and hence the plaintiff has no case.

If, as is contended by the plaintiff, the arrest was legal, then

the recognizance was valid.   When in accordance with its terms the judgment debtor, after due notice to the judgment creditor, submitted himself to the magistrate and was discharged, he had done all the recognizance required.   He had appeared and abided the final order.   It is immaterial whether or not the order proceeded from an erroneous view of the law on the part of the magistrate.   It was the order of a magistrate having jurisdiction of the subject matter and of the parties, and was the final order which under the terms of the recognizance the debtor was to "abide"; and hence there has been no breach.

The remedy, if any the plaintiff has, is not by a suit upon the recognizance.

*Exceptions sustained.*