WILLIAM N. GOKEY, as Sole Surviving Executor and Trustee under the Last Will and Testament of WILLIAM N. GOKEY, Deceased, Plaintiff, *v.* GEORGE F. GOKEY, Defendant.

Fourth Department, November 12, 1930.

*Robert H. Jackson* [*John H. Sorg* of counsel], for the plaintiff.

*J. Russell Rogerson,* for the defendant.

EDGCOMB, J. This controversy comes to us upon an agreed statement of facts.

On July 12, 1910, the defendant leased of his brother, William N. Gokey, now deceased, the latter's interest in certain real property situate on West Third street in the city of Jamestown, N. Y. The property was owned by the two brothers as tenants in common, decedent owning an undivided five-eighths thereof, and defendant the other three-eighths. Defendant agreed to pay all taxes which were " levied or assessed upon said property, or any part thereof, during the said term." The dispute between the parties arises over this provision.

The lease expired November 12, 1925. Defendant paid the taxes upon said property for the years 1910 to 1924, inclusive. He did not pay the city, school or county and State taxes for 1925. Those were paid after the expiration of the lease out of the receipts from the property, the effect of which was to make the estate of William N. Gokey pay five-eighths of the tax, and the defendant the other three-eighths. Thereafter the estate of the deceased brother came to the conclusion that the defendant was bound to pay all of the city and school taxes for 1925. Defendant disclaimed such obligation. The city tax for 1925 amounted to $1,780.69 and the school tax to $3,101.10, making a total of $4,881.79. Five-eighths of that sum would be $3,051.12. It is this amount for which this plaintiff asks judgment.

The only issue to be determined here is whether the city and school taxes for 1925 were levied or assessed upon this property

prior to November 12, 1925, when said lease expired. If, on the stipulated facts, we can say that they were, then under the agreement of the parties plaintiff must recover. Otherwise, defendant is entitled to judgment.

The mode of levying taxes in the city of Jamestown is fixed by the city charter (Laws of 1923, chap. 665, §§ 70–76). It does not differ materially, except as to the time when the various steps shall be taken, from the method of taxation as provided by the Tax Law. The charter gives to the city council the same powers in relation to the city assessment rolls and the levying of city taxes that the statute has given to boards of supervisors with reference to town assessment rolls and the levying of State and county taxes.

There are numerous steps which must be taken before a tax can be laid against property. A list of the taxable inhabitants and property of the tax district must be prepared by the proper official, and an appraisement of each piece of property must be made; an opportunity must be given to those aggrieved to protest the valuation placed upon their property; after all corrections are made the assessment roll must be verified and signed by the assessors or other proper official, who in the city of Jamestown is generally the director of assessments, and filed in the proper office; the gross amount to be raised by taxation must be fixed by the proper board; when the tax rate is determined the taxes must be extended against all the names appearing on the assessment roll, and the roll, with such extensions, must be adopted by the taxing body; the roll, with the proper warrant, is then delivered to the tax collector or city treasurer, and he proceeds to collect the tax.

The various steps leading up to the imposition of the tax in question, as detailed by the record, may be summarized as follows: The assessment roll was completed by the director of assessments, as the head of the department of assessment of the city is called, on or about May 29, 1925. It was not filed, but was thrown open for inspection. The assessments had been greatly increased throughout the city. This resulted in universal dissatisfaction, which invariably follows such a situation. The Chamber of Commerce entered the controversy as a peacemaker, and suggested that a new assessment be made upon the principles of the Somer system. As a result of this agitation, the city council, at a meeting held on June 26, 1925, adopted a resolution extending the time in which to complete the assessment roll to August 1, 1925, and authorizing the employment of a suitable appraisal company to compile an assessment roll, which should be based upon the Somer principles, for submission to the director of assessments for his approval. On July third a contract for such appraisal was made

with the Manufacturers' Appraisal Company of Philadelphia. The council, however, did not wait for such appraisement, but on July twentieth accepted the original assessment roll, which had been completed back in May, and ordered it filed, and fixed October 6, 1925, as the date for its review and correction. The board of review and correction neglected to meet on that day, and on October twelfth the council passed another resolution fixing November fifth as the time for review and correction of the assessment roll. That board met on the day specified, but did not complete the assessment roll until November 18, 1925, when it was filed in the office of the city clerk. After the taxes had been extended, the tax roll was adopted by the city council on December 4, 1925.

In addition to the above admitted facts, we find a concession in the record that the city tax " was levied and assessed " on December 4, 1925, and that the school tax " was levied and assessed " January 25, 1926, and " that the dates when such taxes were determined are subsequent to the date of the expiration of the lease, namely, November 12, 1925."

Notwithstanding the concessions as above outlined, plaintiff urges and insists that these taxes were, in the eyes of the law, levied and assessed prior to expiration of the lease, because of the peculiar circumstances under which they were laid. He says that the various steps necessary to lay these taxes were unduly delayed, and that certain provisions of the charter were not strictly followed, and that, had the public officials charged with the duty of assessing these taxes moved as promptly as the statute required, both the city and school tax would have been fixed and imposed prior to November 12, 1925, so that the defendant would have been liable therefor. Plaintiff invokes the rule that, in the eyes of the law, taxes are regarded as assessed on the day specified in the statute for assessment, whether the imposition of the same was actually made at that time or not. (*People ex rel. Seelye* v. *Keefe*, 119 App. Div. 713; affd., 190 N. Y. 555; *Amory* v. *Melvin*, 112 Mass. 83; *Hammett Co.* v. *Peats Co.*, 217 id. 520; Jones Landlord & Tenant, § 417; Thompson Real Prop. § 1337.)

We think that this rule is not applicable here. Section 73 of the Jamestown charter provides that the assessment rolls " shall be completed on or before the first day of July in each year, except that the city council shall have the power to fix such additional time, in no case exceeding thirty days, for their completion, as may be necessary." There is no requirement that they shall be filed on that date. It is conceded here that the assessment roll was completed on or about May 29, 1925, over a month before the time specified in the charter. Upon the theory that another roll would be prepared and substituted

for the one already presented, the council extended the time for its completion until August first. The council had such power under the charter. Whether the new roll was ever finished does not appear. At any rate the old roll, which was completed in due time, was subsequently adopted and filed, and the new one, if it was ever made, was never used.

The Jamestown charter is silent as to when any other step in the process of levying the city tax shall be taken. After the completion of the assessment roll, it is subject to change and correction. The director of assessments is required to designate a date when the roll shall be open for public inspection, but the statute does not specify such date; it is left entirely to the discretion of the director of assessments. The board of review and correction, after hearing the complaints of property owners, is required to make such corrections or changes in the assessment roll as may be proper, but the charter does not point out any day that that shall be done. The time when the city council shall adopt the budget is not indicated in the charter, nor is any date specified when the tax shall be extended or the tax roll adopted. Section 76 of the charter provides that the department of assessments shall extend the taxes " as soon as practicable after any city tax shall have been ordered by the city council to be raised." But no date is specified. Of course, the interests of the city demand that the various steps in the process of taxation follow with reasonable alacrity the completion of the assessment roll, and one might reasonably expect that such course would be pursued, but the statute fixes no exact date when any subsequent step to the completion of the assessment roll must be taken. The rule invoked by plaintiff that the levy when completed and made relates back to the date on which it was required to have been made, and that the tax in law is regarded as assessed on that day, has no application here, as no such date is specified in the charter.

Plaintiff also calls attention to the wording of the lease wherein defendant agrees to pay all taxes which are " levied *or* assessed " during the time of the lease. The word " or " is used, and not the word " and." It is undoubtedly true, as urged by the plaintiff, that if these taxes were either levied or assessed prior to November 12, 1925, defendant is liable therefor. Plaintiff argues that there is a distinction between the levying and the assessment of a tax, and that the taxes in dispute were certainly assessed, even if they were not levied, prior to the termination of the lease. After calling attention in his brief to the wording of defendant's agreement, plaintiff says: " Thus we are not concerned with the question of whether taxes had been levied, or levied and assessed, but

merely with the question of whether an assessment had been made. If the property had been ' assessed ' the defendant's liability is established."

The facts show that the assessment roll was not closed, completed or verified until November 18, 1925, six days after the lease expired, and that the city tax was not fixed and determined until December 4, 1925, and the school tax until January 25, 1926, twenty-two and seventy-four days after the termination of the agreement. It cannot, therefore, be successfully claimed that the taxes in question had been levied or assessed when the lease expired. The mere entry of the assessment on the assessment roll, while it was liable to correction and before it was closed and verified, is not sufficient to make the defendant liable for a tax which is afterward levied or assessed at a time when the lease has expired.

It is conceded here that the taxes in question were actually levied and assessed after the expiration of the lease. We find no rule which warrants us in substituting an earlier date. It necessarily follows that defendant was not obligated to pay the taxes in dispute, and that he is entitled to a judgment in his favor.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment directed for the defendant upon the submission, without costs.