LEE M. FRIEDMAN & another, trustees, *vs.* S. S. KRESGE COMPANY.

Suffolk.    January 16, 1935. — March 5, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Landlord and Tenant,* Construction of lease, Covenant to pay taxes. *Equity Pleading and Practice,* Bill, Decree, Costs. *Words,* "Taxes levied on the building."

In a provision in a lease in writing of a part of a business block, that the lessee should "pay one-quarter of taxes levied ·on the building of which these premises form a part in excess of the tax levied thereon for" a certain year, "during the continuance of the lease," the words "taxes levied on the building" meant the entire taxes levied on the real estate including both the building and the land upon which it stood, and not merely so much of the taxes as was based upon the assessors' valuation of the building alone.

Even if the lessor in a lease was entitled by its terms to reimbursement by the lessee for counsel fees and expenses incurred in a suit in equity by the lessor under G. L. (Ter. Ed.) c. 213, § 3, Tenth A, Rule 101 of the Superior Court (1932), for interpretation of the lease and other relief, an award of the amount thereof could not be made to the plaintiff since there was in the bill no allegation that they had been incurred nor any claim with respect thereto.

Costs are in the discretion of the court in a suit in equity under G. L. (Ter. Ed.) c. 213, § 3, Tenth A, Rule 101 of the Superior Court (1932), for interpretation of an instrument in writing and for other relief.

BILL IN EQUITY, filed in the Superior Court on July 7, 1933,· seeking the relief described in the opinion.

The plaintiffs alleged, among other things, that on August 3, 1932, they sent the defendant a bill for $326.80, as "its share of the taxes" for 1931, being "one quarter of the total real estate tax assessed upon the value of both land and building in excess of that assessed thereon for the year 1921"; and that the defendant refused to pay the bill, claiming that only a certain· smaller sum was due.

The suit was heard by *Dillon,* J.  By his order, a final decree was entered, interpreting the lease according to the contentions of the defendant and ordering the defendant

to pay the plaintiffs such smaller sum without interest or costs. The plaintiffs appealed.

*Lee M. Friedman,* (*J. Kruger* with him,) for the plaintiffs.

*J. T. Hargraves,* for the defendant.

LUMMUS, J. This is a bill in equity under G. L. (Ter. Ed.) c. 213, § 3, Tenth A, and Rule 101 of the Superior Court (1932), to obtain an interpretation of a written lease of real estate under which the term began January 15, 1922, and will end January 14, 1937, and for general relief. The plaintiffs are the landlords and the defendant is the tenant. The leased premises consist of the first floor and basement, and part of the second floor, of a business block in Lawrence. The remainder of the block appears to be let to other tenants.

In the absence of provision in the lease, the burden of paying taxes is upon the landlord. G. L. (Ter. Ed.) c. 59, § 15. *Pittsfield & North Adams Railroad* v. *Boston & Albany Railroad,* 260 Mass. 390, 397. *Callahan* v. *Broadway National Bank of Chelsea,* 286 Mass. 473. The lease provided that, in addition to rent payable monthly, the tenant "will also pay one-quarter of taxes levied on the building of which these premises form a part in excess of the tax levied thereon for the year 1921, during the continuance of the lease, within ten days after receipt of bill therefor." The landlords contend that the words "taxes levied on the building" include the whole tax on the real estate, including the land. The tenant contends, and the court below decreed, that those words include only so much of the tax as is based upon the assessors' valuation of the building, as distinguished from the land upon which it stands. The landlords appealed.

A building and the land upon which it stands constitute a single estate upon which a single and indivisible tax is levied. *Newton Building Co.* v. *Commissioner of Corporations & Taxation,* 285 Mass. 471, 473, 474. True, the assessors fix separate valuations upon the building and the land (G. L. [Ter. Ed.] c. 59, §§ 44–47; *Tremont & Suffolk Mills* v. *Lowell,* 163 Mass. 283, 284, 285; *Wit* v. *Commercial Hotel Co.* 253 Mass. 564, 572), and by applying the tax

rate to the valuation of the building alone one may find what in a popular sense might be called the tax upon the building apart from the land. An agreement might be drawn which would require payment by either party of that part of the tax which represents the valuation of either the building or the land alone. *Phinney* v. *Foster*, 189 Mass. 182. *Callahan* v. *Broadway National Bank of Chelsea*, 286 Mass. 473.

The mere use of the phrase "taxes levied on the building" does not, however, require the splitting of the tax. Often the word building includes the lot of land upon which the building stands. *Harvey* v. *Sandwich*, 256 Mass. 379, 384. *Ansin* v. *Taylor*, 262 Mass. 159, 162. *Labelle* v. *Lafleche*, 289 Mass. 140. An exemption from taxation of "houses of religious worship" exempts the land as well as the buildings. *Trinity .Church* v. *Boston*, 118 Mass. 164, 165. A tenant of a "store," who covenants to pay "all taxes . . . levied thereon," must pay the whole tax on land and building. *Hooper* v. *Farnsworth*, 128 Mass. 487. In that case, it is true, the tenant occupied the whole property. See *Rogers* v. *Snow*, 118 Mass. 118, 124. But the words are substantially the same, and the provision in the present case that the tenant shall pay only one quarter of the increase in taxes takes account of the fact that it occupies only part of the property. Conversely, a covenant by a tenant of part of a building to pay one third of any increase in the taxes "upon the real estate upon which the leased premises stands [*sic*]," was held to require the tenant to pay one third of any increase in the tax upon the land and building as a whole. *Wit* v. *Commercial Hotel Co.* 253 Mass. 564, 571, 572. See also *Stimson* v. *Crosby*, 180 Mass. 296.

We are of opinion that the plaintiffs are entitled to a decree interpreting the provision in question in accordance with their contention.

The lease contains the following provision: "And it is further agreed that the Lessee shall indemnify the Lessor for all expenses including counsel fee, lawfully and reasonably incurred, in or about the premises, or in defence of

any action or proceeding, or in discharging the premises from any charge, lien, or incumbrance arising through any default of the Lessee or in obtaining possession, or in collecting rent after default of the Lessee or the determination of this Lease." The plaintiffs ask an award of counsel fees, expenses and costs in this proceeding. If entitled to an award of counsel fees and expenses under the provision quoted, they cannot obtain it under the bill, which neither as originally filed nor by amendment makes any such claim nor sets forth that any such counsel fees or expenses have been or will be incurred. As to costs, in such cases these are in the discretion of the court. G. L. (Ter. Ed.) c. 261, § 13. Rule 101 of the Superior Court (1932).

The final decree is reversed, and a final decree is to be entered declaring and determining that the lease requires the payment by the tenant to the landlords, within ten days after receipt of a bill therefor, of one quarter of the amount by which any annual tax levied on the land and building of which the leased premises form part exceeds the annual tax levied on said land and building for the year 1921, and ordering the defendant to pay to the plaintiffs on account of such excess for the year 1931 the sum of $326.80 with interest thereon from August 13, 1932, and costs. No order for execution is required in the decree. Rule 83 of the Superior Court (1932). *Peerless Unit Ventilation Co. Inc.* v. *D'Amore Construction Co.* 283 Mass. 121, 126.

*Ordered accordingly.*