FRANK A. LEAVITT & another *vs.* MITCHELL K. MAYKEL & another.

Worcester.     October 5, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Landlord and Tenant,* Construction of covenant, Renewal or extension of lease, Tenancy at will. *Covenant. Words,* "Renew."

A lease in writing for a term of two years, with a covenant that " the lessees shall have the privilege and right to renew this lease at its expiration for further term of two years upon the same terms and conditions of this lease," can be extended beyond the original term only by making a new lease for the additional term or by a formal extension of the existing lease, or by something equivalent thereto, and the continued occupation of the leased premises by the lessees for eight months after the expiration of the term, making during that period monthly payments of rent at the rate prescribed by the lease, does not operate to extend the term.

If at the expiration of the term of a lease in writing for two years, the lessee remains in occupation of the leased premises for eight months and continues during that period to make monthly payments of rent at the rate prescribed

by the lease, and such payments are accepted by the lessor without anything being said on either side, the fair inference from the conduct of the parties is that they have agreed by implication to a tenancy at will, which can be terminated, against the objection of the lessor, only by the notice required to terminate such a tenancy.

When a lease in writing for a term of two years contains a covenant to pay a certain rent in equal monthly payments during the term "and at that rate for such further time as the said lessee . . . shall hold the said premises," and at the expiration of the term the lessee remains in occupation of the leased premises for eight months and continues during that period to make monthly payments of rent at the rate prescribed by the lease, and such payments are accepted by the lessor without anything being said on either side, so that the fair inference from the conduct of the parties is that they have agreed by implication to a tenancy at will at the same rent as that stated in the lease, the landlord, although under a proper declaration he might recover from the tenant for rent due and unpaid after the expiration of the lease, cannot maintain an action for such rent on the covenant, which was intended to cover merely a holding over without the making of a new contract express or implied.

CONTRACT, against two defendants doing business under the name of the Worcester Dry Goods and Wrapper Company, for two months' rent of a store numbered 192 on Front Street in Worcester, under a covenant contained in a lease in writing, a copy of which was annexed to the declaration. Writ dated March 12, 1909.

In the Superior Court the case was submitted to *Aiken,* C. J., upon an agreed statement of facts, of which those that are essential are stated in the opinion. The term of the lease was for two years from the first day of June, 1906. The covenant sued upon was to pay as rent $1,350 per annum by equal monthly payments in advance on the first day of every month during the term, "and at that rate for such further time as the said lessees, or any other person or persons claiming under them, shall hold the said premises."

The defendants moved out of the premises on or about January 28, 1909, after which time the premises were vacant. On January 28, 1909, the defendants sent to the plaintiffs a notice in writing, stating that since the expiration of their lease they had occupied the store at sufferance, and that they sent therewith the keys of the premises and had paid their rent in advance to February 1. No rent was paid after the first day of January, 1909, when the rent for the month of January was paid. Before the bringing of the action, the plaintiffs demanded of the defend-

ants $225, as the amount due under the lease on the first days of February and March, $112.50 for each month. The covenant for a renewal of the lease is quoted in the opinion.

The defendants asked the judge to make the following rulings :

" First : That after the first day of June, 1908, the defendants held the premises as tenants at sufferance.

" Second : That the clause in the lease, ' It is further agreed in consideration hereof the lessees shall have the privilege and right to renew this lease at its expiration for further term of two years upon the same terms and conditions of this lease,' was a covenant of the plaintiffs for renewal.

" Third : That the word ' renew ' imports the giving of a new lease like the old one, with the same terms and stipulations at the same rent and with all the essential covenants.

" Fourth : That defendants have done nothing which either directly or by implication can be held to have renewed the old lease."

The Chief Justice refused to make any of these rulings, and found for the plaintiffs in the sum of $230.85. The defendants alleged exceptions.

The case was submitted on briefs.

*C. W. Wood & C. H. Wood*, for the defendants.

*G. S. Taft & G. R. Stobbs*, for the plaintiffs.

KNOWLTON, C. J. This is an action to recover rent for premises leased by the plaintiffs to the defendants. The rent for the term covered by the lease was fully paid, but the defendants remained in occupation eight months after the expiration of the term and during that period made monthly payments of rent to the plaintiffs at the rate prescribed by the lease. They then removed from the premises, giving only three days' notice of their intention to remove. This action is brought to recover rent for the next two months.

The lease contained this clause: " It is further agreed in consideration hereof the lessees shall have the privilege and right to renew this lease at its expiration for further term of two years upon the same terms and conditions of this lease." No new agreement, either oral or written, was made expressly between the parties at the expiration of the term, or at any other time. The plaintiffs contended that the defendant had renewed the

lease for two years more, by holding over eight months and paying rent. The defendants contended that they were holding merely as tenants at sufferance and that they could quit at any time without notice and without liability for future rent. The only exceptions are to the refusal of the judge to make four rulings requested, which were, in substance, that the defendants after the expiration of the stated term, were holding as tenants at sufferance, that the quoted clause was a covenant providing for a renewal, that the word " renew " imports a giving of a new lease like the old one, with the same terms, stipulations and covenants, and that the defendants have done nothing which either directly or by implication can be held to have renewed the old lease.

We are of opinion that the defendant's construction of the quoted clause is correct. It gave the lessees a right to have a renewal of the lease for two years more, but without a formal renewal or something equivalent to it, it did not extend the term through this additional period. In *Cunningham* v. *Pattee*, 99 Mass. 248, 252, the court said of " renew ": " The word, *ex vi termini*, imports the giving a new lease like the old one, with the same terms and stipulations ; at the same rent and with all the essential covenants." The language differs from that in *Kramer* v. *Cook*, 7 Gray, 550, *Dix* v. *Atkins*, 130 Mass. 171, *Atlantic National Bank* v. *Demmon*, 139 Mass. 420, and *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267. In this last case the court said of the language : " This does not contemplate the making of a new lease, but provides that the term shall be three years instead of one, if the lessee so elects." In *Ferguson* v. *Jackson*, 180 Mass. 557, the court only held that the giving of the notice and the payment of the rent at the prescribed increased rate, constituted an equitable defense to the suit for a forcible entry and detainer. Under the language used in the present lease, it was necessary that there should be, either the making of a new lease for the additional term, or a formal extension of the existing lease, or something equivalent thereto, in order to bind both parties for a period of two years more.

We are of opinion that the defendants' last three requests for rulings were correct as propositions of law. But it does not follow that their first proposition was also correct, that " after the

first day of June, 1908, the defendants held the premises as tenants at sufferance." If they had simply held over for a time, without communication or dealings of any kind between them and the plaintiffs, this would have been the legal result. *Delano* v. *Montague,* 4 Cush. 42. *Edwards* v. *Hale,* 9 Allen, 462, 466. The defendants are quite right in their contention that what occurred was not equivalent to an arrangement that the term should be extended and both parties bound for two years more. But their conduct in staying on the premises and making payments of rent month by month, at the former rate, eight in all, after the expiration of the term, was an indication that they desired to continue the tenancy for an indefinite period. The acceptance of this rent by the plaintiffs, without anything being said on either side, indicated a willingness of the plaintiffs that the tenancy should be extended. The fair inference from the conduct of both parties is that they impliedly agreed to a tenancy at will which should exist on the same terms as those stated in the lease. *Benton* v. *Williams,* 202 Mass. 189. There being a tenancy at will, it could not be terminated against the objection of the plaintiffs without notice; and upon a proper declaration the defendants are liable for rent for the two months next after they removed from the premises.

But this is an action upon a covenant contained in the lease. Plainly the rent sued for is not rent that accrued during the term. It is rent under a new tenancy, namely, a tenancy at will which was created by a new contract between the parties. True, the contract is only implied from their dealings; but it is the same in legal effect as if they had come together and expressly agreed to create a tenancy at will.

The only question of difficulty is whether the covenant that the lessees should pay the rent, not only during the term, but " for such further time as the said lessees, or any other person or persons claiming under them, should hold the said premises or any part thereof," includes this rent under the new tenancy at will. We are of opinion that it does not. Plainly it would not include rent under a new lease. We think that rent under a new oral contract that creates a tenancy at will stands the same in this particular as rent under a new lease. The language was intended to cover a case of holding over without the

creation of a new contract, either written or oral, express or implied.

The defendant's last three requests having been erroneously refused, and exceptions having been taken to the refusal, and to the decision in favor of the plaintiffs, the entry must be,

*Exceptions sustained.*