GEORGE F. HANNA vs. COUNTY OF HAMPDEN.

Hampden.   September 18, 1924. — October 17, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Damages*, For property taken or damaged under statutory authority. *Landlord and Tenant*, Renewal of lease. *Words*, " Privilege of a renewal."

An owner of real estate in West Springfield in 1918 by a lease in writing let it for a term of three years from January 1, 1919, " with the privilege of a renewal for three years at the end of said term at the same rental." The owner thereafter conveyed the real estate to one who was the owner when the county of Hampden in October, 1920, took it by right of eminent domain under St. 1915, c. 252, and he, in January, 1921, delivered to the county a warranty deed of the premises in settlement of his claim for damages sustained by reason of the taking.   In July, 1921, the lessee caused to be delivered to the county and to the grantee of his lessor a letter reading as follows: " Upon the assumption that you are the present owner of the property . . . which I occupy under my lease . . . I hereby notify you that I desire to renew said lease, in accordance with its terms, for three years from January 1, 1922." On May 1, 1922, the county entered upon the property and began construction under the terms of the statute.   The lessee petitioned for an assessment of his damages.   *Held*, that

(1) There was no formal renewal of the lease or any equivalent to it, and the petitioner therefore was at the time of the entry by the county at most a tenant at will: following *Leavitt* v. *Maykel*, 203 Mass. 506;

(2) As a tenant at will, the petitioner had no estate that entitled him to damages for the taking.

PETITION, filed in the Superior Court on November 15, 1921, for the assessment of damages alleged to have been suffered by the petitioner, as a lessee for years of premises on Meadow Street in West Springfield, by acts of the respondent under St. 1915, c. 252.

In the Superior Court, the action was tried before *Brown*, J. At the close of the evidence, the respondent moved that a verdict be ordered in its favor.   The case was submitted to the jury, who returned a verdict awarding the petitioner $4,352.   After the return of the verdict and before the recording thereof, the trial judge reserved leave, with the

consent of the jury, to enter a verdict for the respondent if upon the exceptions taken or the questions of law reserved the Superior Court or the Supreme Judicial Court should decide that such verdict for the respondent should have been entered. Thereafter, upon the same day, the trial judge, acting under the leave reserved, ordered a verdict for the respondent. The petitioner alleged exceptions.

The case was submitted on briefs.

*S. Adams,* for the petitioner.

*H. W. Ely, J. B. Ely, & W. A. McDonough,* for the respondent.

CROSBY, J. This is a petition for an assessment of damages, alleged to have been sustained by the petitioner through acts of the respondents in the taking by them of lands and the construction of streets in West Springfield, under the provisions of St. 1915, c. 252. The petitioner's claim for damages is based upon the allegation that he had a leasehold estate in the buildings and in portions of the land upon which they were situated, shown on a plan admitted in evidence.

The record title to the land at the time of such taking, on October 6, 1920, stood in the name of Edward S. Goldthwaite. The county commissioners entered the land for the construction of streets therein on May 1, 1922, on which day the petitioner was first disturbed and deprived of the occupation of the premises described in his lease. On January 18, 1921, Goldthwaite executed and delivered to the county of Hampden a warranty deed of the premises, which deed constituted a settlement of his claim for damages sustained by reason of the taking.

On August 1, 1918, one Frost, Goldthwaite's predecessor in title, executed and delivered to the petitioner a lease of certain portions of the land and buildings thereon which were included in the taking by the commissioners, above referred to. The material parts of the lease are as follows: " Said Frost hereby leases to said Hanna stables 1, 3 and 4 and two offices for $100.00 per month, payable monthly, from August 1, 1918, to January 1, 1919, and after January 1, 1919, he leases to said Hanna stables 1, 2, 3, and 4, and 2 offices at $125.00 per month, payable monthly, for three years from

January 1, 1919, with the privilege of a renewal for three years at the end of said term at the same rental." On July 15, 1921, the petitioner caused to be written to Goldthwaite and to the county of Hampden a letter as follows: " Upon the assumption that you are the present owner of the property in West Springfield which I occupy under my lease from Victor M. Frost, dated August 1, 1918, I hereby notify you that I desire to renew said lease, in accordance with its terms, for three years from January 1, 1922." The receipt of this letter by each of the addressees was admitted. The question for us to determine is whether the petitioner had an estate and property in the land described in the lease under the provision for renewal, which entitles him to maintain this proceeding for damages.

In *Leavitt* v. *Maykel*, 203 Mass. 506, 508, 509, which was an action to recover rent for premises leased by plaintiffs to the defendants, similar language in a lease was construed by this court. It was there said that the clause, " It is further agreed in consideration hereof the lessees shall have the privilege and right to renew this lease at its expiration for further term of two years upon the same terms and conditions of this lease, . . . gave the lessees a right to have a renewal of the lease for two years more, but without a formal renewal or something equivalent to it, it did not extend the term through this additional period." In *Cunningham* v. *Pattee*, 99 Mass. 248, 252, the court said: "The word, [renew] *ex vi termini*, imports the giving a new lease like the old one, with the same terms and stipulations; at the same rent and with all the essential covenants." In construing the lease in the case at bar, we are unable to perceive any sound distinction as to meaning between the words " with the privilege of a renewal " and the words " the lessees shall have the privilege and right to renew " the lease. The decisions above referred to are in our opinion decisive, and preclude the petitioner from maintaining this proceeding. *Emery* v. *Boston Terminal Co.* 178 Mass. 172. *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad*, 209 Mass. 298. *Gardella* v. *Greenburg*, 242 Mass. 405.

The language of the lease under consideration differs from

that construed in *Kramer* v. *Cook,* 7 Gray, 550, *Dix* v. *Atkins,* 130 Mass. 171, *Kimball* v. *Cross,* 136 Mass. 300, *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267, and other cases cited by the petitioner, where it was held that the language used did not contemplate the making of a new lease, but provided that the original term should include the additional period, if the lessee so elected by continuing to occupy the premises and paying the stipulated rental.

It was said by Chief Justice Knowlton, in *Leavitt* v. *Maykel, supra,* at page 509: " Under the language used in the present lease, it was necessary that there should be, either the making of a new lease for the additional term, or a formal extension of the existing lease, or something equivalent thereto, in order to bind both parties for a period of two years more." This language seems pertinent as applied to the lease in the present case. The petitioner at the time of the taking by the respondents was at most a tenant at will; such a tenant has no estate that entitles him to damages for the entry upon property by eminent domain. *Emerson* v. *Somerville,* 166 Mass. 115.

*Exceptions overruled.*