IGNATZ WIT *vs.* COMMERCIAL HOTEL COMPANY.

Worcester. September 21, 1925. — November 23, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Landlord and Tenant,* Renewal of lease, Agreement as to taxes. *Contract,* Construction, Consideration.

While the term of a lease containing a provision giving to the lessee a right of renewal cannot be extended without a formal renewal or something equivalent to it, if the tenant continues to occupy the leased premises and to pay rent under an agreement with the lessor for a renewal, he becomes a tenant at will of the premises with all the rights and privileges that had been annexed to them, and upon the terms and conditions specified in the written lease, except so far as modified by mutual arrangement.

A lease in writing demised a building in a city used as a hotel with rights to light in an open area and a right to use a passageway in the rear. The building stood on land containing about thirteen thousand square feet, which was assessed for taxes as one parcel. Later, a theatre having been built upon the rear portion of the lot, the city assessed as accompanying the hotel building about fifty-six hundred square feet of the lot, and the rest as accompanying the theatre. The land upon which the hotel building actually stood comprised about forty-eight hundred square feet. An agreement in the lease provided that in case of an increase in the tax levied by the city "upon the real estate upon which the leased premises stands," the lessee should pay one third of such increase each year. In three years the lessee paid as his proportion of the taxes a sum calculated to be one third of the increase in the taxes on about thirteen thousand square feet of land, then assessed as one lot. *Held,* that the words "real estate upon which the leased premises stands" must be interpreted to mean the building and the lot containing fifty-six hundred square feet assessed with the hotel.

Where the language of a contract is open to doubt and the parties to it have adopted and acted upon a particular construction, such construction will be considered by the court as of great weight and will usually be adopted.

At a time when the city had largely increased the tax assessed upon the real estate in question, the lessor desired to employ, to render services in procuring a reduction of the assessment, an attorney who had been employed by the lessee, but the attorney, believing that a conflict of interests might result between the lessee and the lessor on the question of the assessment, refused to act for the lessor until the lessee had assented. The lessee then came into the conference and agreed that the attorney might also act for the lessor in return for an agreement then made by the plaintiff, that the obligation in the lease above referred to, providing for payment on the part of the lessee of a portion of the increase in taxes, thereafter would be based upon a valuation not in excess of the valuation assessed for the previous year. The attorney thereafter represented the lessor. His efforts were unsuccessful. *Held,* that

(1) The assent by the lessee was a benefit and a thing of value to the lessor;

(2) The question, whether the attorney had a legal right to appear for the lessor without the consent of the lessee, need not be decided;

(3) The agreement thus made between the lessor and the lessee for the consideration of the assent given by the lessee was supported by a valid consideration and was enforceable.

An action of contract, by a lessor in a lease of real estate, which had expired, against the lessee therein upon a covenant in the lease cannot be maintained if it appears that, while the defendant had a right to a renewal of the lease, the lease had not been renewed formally. In this case it appeared that the lessee had continued after the term of the lease and had paid rent under an agreement of the lessor that a renewal would be given, and, in sustaining exceptions to rulings at the trial, this court *stated* that the order sustaining the exceptions was without prejudice to the plaintiff's right to present to the trial court a motion to amend his declaration basing his right of action upon breach of an agreement with the defendant as a tenant at will.

CONTRACT, with a declaration as amended for $7,515.64, upon a covenant, quoted in the opinion, in a lease of real estate to the defendant expiring April 30, 1917, and alleged to have been extended to expire on April 30, 1923. Writ dated September 13, 1921.

In the Superior Court, the action was referred to an auditor under an agreement by the parties that his findings of fact should be final. Material facts found by the auditor are described in the opinion. Conclusions of the auditor were that (a) the conference between the parties described in the

opinion, relating to employment by the plaintiff of the defendant's attorney, did not result in a legal contract modifying the clause in question and that "the real estate upon which the leased premises stands" meant the building in which the leased premises were located and the land underneath. He accordingly computed that the defendant owed the plaintiff $6,127.10. The auditor also stated that (b) if the lease was not modified by the conference referred to and "the real estate upon which the leased premises stands" meant the building in which the leased premises were located and the front portion as assessed by the city of Worcester in 1917, the defendant owed the plaintiff $7,002.59; that (c) if the lease was modified by the conference above referred to and "the real estate upon which the leased premises stands" meant the building in which the leased premises were located with the land underneath, the defendant owed the plaintiff the sum of $2,268.73; and that, (d) if the lease was modified by the conference above described and "the real estate upon which the leased premises stands" meant the building in which the leased premises were located and the front portion of the lot as assessed in 1917 by the city of Worcester, the defendant owed the plaintiff $2,574.94.

The action was heard upon the auditor's report by *Burns*, J., without a jury. The defendant asked for the following rulings among others:

"1. The agreement made between the lessor and lessee as set forth in the auditor's report, for a modification of the covenant relative to the payment of increased taxes, was made upon valuable consideration and was binding upon the parties.

"2. The agreement made between the lessor and lessee as set forth in the auditor's report, for a modification of the covenant relative to the payment of increased taxes, was effective and binding upon the lessor until the lessee surrendered the premises in 1923.

"3. 'The real estate upon which the leased premises stands' as set out in the clause relating to the payment of increased taxes is correctly found by the auditor to be four thousand, eight hundred and eighty-six square feet, rather

than five thousand, six hundred and seventeen square feet, as contended by the plaintiff."

"7. The lessee can be found liable in this action for a breach of the covenant to pay increased taxes after April 30, 1917, and before May 1, 1920, only if a new lease containing a covenant for the payment of increased taxes was executed by the parties and delivered, to take effect at the expirations of the former term.

"8. The lessee can be found liable in this action for a breach of the covenant to pay increased taxes for three years after April 30, 1920, only if a new lease containing a covenant for the payment of increased taxes was executed by the parties and delivered, to take effect after the second term.

"9. There is a material variance between the terms of the plaintiff's declaration and the proof offered to support it.

"10. The first request for a renewal of the defendant's lease, as annexed to the auditor's report, did not create a new term or extend the original term.

"11. The second request for a renewal of the defendant's lease, as annexed to the auditor's report, did not create a new term or extend the original or any subsequent term, if any.

"12. Upon all the findings of the auditor no renewal of the lease is shown after the date of the agreement for the modification of the covenant relative to the payment of increased taxes.

"13. Upon all the findings of the auditor no extension of the lease is shown after the date of the agreement for the modification of the covenant relative to the payment of increased taxes.

"14. The defendant is not liable in this action for a share of increased taxes based on conclusion in subdivision (a) of the seventeenth paragraph of the auditor's report.

"15. The defendant is not liable in this action for a share of increased taxes based upon conclusions in subdivision (b) of the seventeenth paragraph of the auditor's report.

"16. The defendant is not liable in this action for a share of increased taxes based on conclusions in subdivision (d) of the seventeenth paragraph of the auditor's report."

The judge ruled that the lease contained a covenant for a

renewal and not.for an extension, and that "renew" imported the giving of a new lease like the old one with the same terms and stipulations and with all the essential covenants. He made no ruling upon the above requests numbered 3 and 13, refused the other requests, denied a motion by the defendant for a judgment in his favor, and, on motions by the plaintiff, ordered judgment for the plaintiff in the sum of $7,002.59 with interest from the date of the writ. The defendant alleged exceptions.

*A. S. Houghton,* for the defendant.

*E. H. Vaughan,* (*E. T. Esty* & *P. H. Breen* with him,) for the plaintiff.

SANDERSON, J. This is an action of contract to recover a portion of the taxes upon real estate, as provided in a lease entered into between the plaintiff, as lessor, and the defendant, as lessee, for a period of three years beginning May 1, 1914, with the right, on the part of the lessee, to renew it for two successive terms of three years each. The answer is a general denial, payment, and a relinquishment and discharge of all rights to any shares of the taxes based upon a valuation greater than that of 1916. The writ is dated September 13, 1921. The case was heard by an auditor whose findings of fact by agreement of parties are final. The court, upon motion, ordered judgment for the plaintiff in the sum of $7,002.59, with interest from the date of the writ.

The property leased is described as a portion of a building at 68 Front Street, Worcester, heretofore used as a hotel, including the entire three upper floors and all of the first floor except portions occupied by stores and a part of the cellar, with rights to light in an open area and a right to use a passageway in the rear. The auditor's report states that the right was granted to the lessee to make the renewals upon certain conditions, and that the lessee seasonably and properly exercised this right and occupied the premises from May 1, 1914, to May 1, 1923. A copy of the renewal provision of the lease is not contained in the bill of exceptions. But it appears therein that the instruments relating to the six years following the first rent period were two letters, one

dated December 28, 1916, and the other December 30, 1919, in each of which the defendant notified the plaintiff of its desire to renew the lease for a further term of three years in accordance with the conditions stated therein, and in each case asked him to prepare a new lease. It is assumed that no instrument renewing or extending the lease was executed. The clause relating to the payment of a portion of. the taxes is in the following terms: "IT WAS ALSO UNDERSTOOD AND AGREED that in case the taxes levied by the City of Worcester upon the real estate upon which the leased premises stands shall be increased any year during said term over the amount levied for the year 1911 that the Lessee shall pay each year one-third of said increase for said year to the Lessor at the time said taxes are due each year."

From the beginning of the lease through the year 1916 the land on which the hotel building was located together with a parcel of substantially vacant land in the rear, containing in all thirteen thousand and eleven square feet, was assessed to the lessor as one tract. In 1917, for purposes of taxation, the city of Worcester divided the tract into two parts and assessed each part separately, a theatre having been erected, in the meantime, on the rear portion. As thus divided, the front lot contained five thousand, six hundred and seventeen square feet, and comprised the land upon which the hotel building and the stores described in the defendant's lease stood, together with the land on Front Street. This change in assessment threw a heavier burden on the front part of the lessor's land and was a disadvantage to both plaintiff and defendant. For several years before 1917 the defendant had employed as its legal adviser a certain practising attorney in Worcester. In 1917, after the division of the assessment, the plaintiff sought the services of this attorney to represent him in an attempt to bring about a reassessment of the land as one parcel. The attorney, believing that a conflict of interests might develop between the plaintiff and defendant over the assessment, declined to represent or assist the plaintiff until the plaintiff had received the assent of the defendant. The defendant, through its authorized agent, then came into the conference and made

an agreement giving its consent to the establishment of professional relations between the attorney and the plaintiff, as desired by the latter, in return for an agreement then made by the plaintiff, that the obligation in the lease above referred to, providing for payment on the part of the lessee of a portion of the increase in taxes, would be thereafter based upon a valuation not in excess of the valuation assessed for the year 1916. As a result of this conference the attorney represented the plaintiff in proceedings for procuring a reassessment of the whole as one parcel. This attempt, however, was unsuccessful, and the assessors continued to assess the land as two parcels.

The exceptions of the defendant present three principal questions: (1) Was the original lease renewed so as to be in force down to the date of the writ? (2) What is meant by the phrase "real estate upon which the leased premises stands," as it appears in the clause relating to payment of increased taxes, and (3) Did the alleged oral agreement between the plaintiff and defendant, which was made in 1917, constitute a contract between the parties?

1. The contention of the defendant, which we assume to be open to it, is, that the lease has not been legally extended or renewed. The provision in the lease gave the lessee the right to have renewals for the additional terms; but without a formal renewal or something equivalent to it, the term was not extended through the additional period. *Cunningham* v. *Pattee,* 99 Mass. 248, 252. *Leavitt* v. *Maykel,* 203 Mass. 506, 509. *Gardella* v. *Greenburg,* 242 Mass. 405. *Hanna* v. *County of Hampden,* 250 Mass. 107.

But, the tenant having continued to occupy and pay rent for each monthly period beyond the term, under an agreement for and with a right to a renewal, became a tenant at will of the same premises "with all the rights and privileges that had been annexed to them, and upon the terms and conditions specified in the written lease, except so far as modified by mutual arrangement." *Walker Ice Co.* v. *American Steel & Wire Co.* 185 Mass. 463, 467. *Benton* v. *Williams,* 202 Mass. 189. *Leavitt* v. *Maykel, supra. Boudreau* v. *Johnson,* 241 Mass. 12, 16. The terms of an oral

agreement creating a tenancy at will are binding on both parties, and upon the same reasoning any oral contract modifying the original agreement is legal and enforceable. *Flanagan* v. *Welch,* 220 Mass. 186. *Crowe* v. *Bixby,* 237 Mass. 249, 254. Even the provisions of a written lease may be modified by a subsequent oral agreement. *Hastings* v. *Lovejoy,* 140 Mass. 261.

2. It is contended by the plaintiff that the words "the real estate upon which the leased premises stands" in the clause relating to the payment of a portion of any increased tax mean the building itself and five thousand six hundred and seventeen square feet of land; while the defendant's contention is, that if it is liable at all, the words should be construed to mean an area of four thousand eight hundred and eighty-six square feet. The smaller of these figures represents the land covered by the building, of which the leased premises are a part; the larger, the area of the lot assessed with the building by the city of Worcester.

In determining what is demised, the intention of the parties must be ascertained as shown by the whole instrument in the light of existing circumstances and the general rules of construction. *Lynnfield* v. *Peabody,* 219 Mass. 322, 337. A grant of a structure will ordinarily convey title to the land under it and adjacent land necessary to its enjoyment and use. *Greenwood* v. *Murdock,* 9 Gray, 20. *Forbush* v. *Lombard,* 13 Met. 109. It was held in *Hooper* v. *Farnsworth,* 128 Mass. 487, that the lease of a store included the land under it and to the middle of a private way in the rear, the fee of which was in the lessor and which was used as a passage to this and other stores; and that the plaintiffs under their covenant to pay all taxes levied on the store were bound to pay taxes on the whole of this land. It is to be assumed from the report that the auditor stated all facts concerning the circumstances and the situation of the parties which would aid the court in construing the language used. In 1916 the plaintiff leased to another tenant the rear portion of the lot commencing with the rear line of the building on which the hotel was located and including some other land, reserving

to the defendant under its lease a space directly in the rear of the building.    In 1914, under a provision with the same obligation for the payment of taxes in a former lease of the same premises, the defendant paid the plaintiff for the years 1911, 1912, and 1913, as his proportion of the taxes, a sum calculated to be one third of the increase in the taxes on thirteen thousand and eleven square feet of land, then assessed as one lot.    "Where the language of a contract is open to doubt and the parties to it have adopted and acted upon a particular construction, such construction will be considered as of great weight by the court and will usually be adopted by it."    *Crowe* v. *Bixby*, 237 Mass. 249, 253.    *Codman* v.ʹ *Hall*, 9 Allen, 335.    It may well be that the parties in this case had in mind the fact that assessors are required to include in their lists the total valuation of each parcel of real estate in addition to the separate valuation of buildings exclusive of land and of each lot of land exclusive of buildings, owned by each person.    St. 1909, c. 490, Part 1, § 57.    G. L. c. 59, §§ 45, 47.    The two together make one assessment.    *Phinney* v. *Foster*, 189 Mass. 182, 187.    *Massachusetts General Hospital* v. *Belmont*, 238 Mass. 396, 403.    The words "real estate" in the clause under consideration must be interpreted to mean the building and the lot of land containing five thousand six hundred and seventeen square feet assessed with it.

3. The remaining question relates to the validity and effect of the oral agreement hereinbefore referred to which the parties made in 1917.    The defendant was not obliged to give his consent.    The doing of this act, under the circumstances, was in law a valid consideration for the plaintiff's promise.    The detriment to the promisee need not be real.    It means giving up something which he had a right to keep, or doing something which he had a right not to do. 1 Williston, Contracts, § 102.    ". . . it would be a detriment to the promisee, in a legal sense, if he, at the request of the promisor and upon the strength of that promise, had performed any act which occasioned him the slightest trouble or inconvenience, and which he was not obliged to perform." *Bigelow* v. *Bigelow*, 95 Maine, 17, 22.    *Hamer* v. *Sidway*, 124

N. Y. 538. "Any act done by the promisee at the request of the promisor . . . is a sufficient consideration for a promise." *Doyle* v. *Dixon,* 97 Mass. 208, 213. *Kerr* v. *Lucas,* 1 Allen, 279. *First National Bank* v. *Watkins,* 154 Mass. 385, 387. *M. E. Hall Co.* v. *Gale,* 248 Mass. 299. It is not in all cases essential to the validity of a contract that the consideration move from the promisee to the promisor. *Palmer Savings Bank* v. *Ins. Co. of North America,* 166 Mass. 189, 195, 196. The assent was a benefit, a thing of value to the plaintiff. Without it he could not obtain the services of the attorney. By getting it, he was enabled to establish professional relations with him. "It is sufficient if the consideration be . . . of a nature which may enure to the benefit of the party making the promise." *Newhall* v. *Paige,* 10 Gray, 366, 368. The question whether the attorney had a legal right to appear for the plaintiff without the consent of the defendant need not be decided.

Upon the facts found the agreement must be held to be an enforceable contract, modifying the obligation to pay a portion of the rent. There is no sufficient evidence to justify a finding that the parties at a later date made a contract changing the terms of the modification. It follows that, except for the question of pleading hereinafter referred to, the plaintiff would be entitled to recover $2,574.94, as computed by the auditor in paragraph 16 and summarized in paragraph 17 (d) of his report, giving effect to the oral agreement for the payment of one third of the increase in taxes but upon a valuation not in excess of the valuation of 1916, and basing the assessment on the building and five thousand six hundred and seventeen square feet of land, together with interest from the date of the writ.

The plaintiff has declared on a covenant in a lease and the defendant by its requests for rulings numbered 7, 8 and 16 and by its motion for judgment has raised the question of the plaintiff's right to recover on his pleadings. From the foregoing considerations it is clear that he cannot recover on the declaration in its present form. The defendant's exception to the refusal of the court to give its request numbered three is overruled and its other exceptions are sustained, but

the order sustaining the exceptions is without prejudice to the plaintiff's right to present to the trial court a motion to amend his declaration basing his right of action upon breach of an agreement with the defendant as a tenant at will.

*Exceptions sustained.*