## ROBERT W. SHANNON *vs.* GABRIEL JACOBSON.

Suffolk.    December 1, 1927.— February 29, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Construction of lease, Renewal, Extension, Termination, Bankruptcy of lessee.   *Practice, Civil,* Findings of fact by judge, Exceptions.   *Waiver.*

A statement by a judge, who heard an action without a jury, of "Findings of Fact and Rulings of Law," if incorporated in a bill of exceptions saved at the hearing, becomes part of the record; and, if no evidence is reported, the findings of fact must be accepted as true.

If, upon a lease of real estate containing a provision giving the lessor "an option of a renewal of said lease for five years more after the expiration of this lease at the same rental," the parties, after an exercise of the option, without the execution of a new lease, under seal and over their signatures indorse, "The lessee having exercised the option of renewal, the above lease is extended to January 15, 1931, under the terms and conditions therein stated," they must be taken to have waived the execution of a new lease and in place thereof simply to have extended the original lease; and during the extended period their rights must be adjusted on the basis of an extension and not of a renewal of the lease.

The original lease above described was for three years from January 15, 1923.   On April 24, 1923, the lessee was adjudicated a bankrupt.   The agreement for extension was made on December 9, 1925.   The lessor had no knowledge of the lessee's bankruptcy until November 18, 1926. A provision of the lease was that the lessor, in case the lessee was declared a bankrupt, might "immediately or at any time thereafter, and while such neglect or default continues, and without further notice or demand, enter into and upon the said premises or any part thereof in the name of the whole, and repossess the same as of their former estate, and expel the said Lessee and those claiming under him and remove his effects (forcibly if necessary,) without being taken or deemed guilty of any manner of trespass . . . and that upon entry as aforesaid the said term shall cease and be ended."   On November 23, 1926, the lessor gave the lessee notice to quit on December 1, 1926, by reason of the above quoted provision, and, on December 2, 1926, he brought a writ of summary process for possession under G. L. c. 239, § 1.   The judge found, on evidence not reported, that the plaintiff had not waived the quoted provision of the lease.   *Held,* that

(1) There was a breach of the condition of the lease by the bankruptcy of the lessee, which, since there was no renewal, but merely an extension of the lease, was continuing;

(2) The finding that there was no waiver by the plaintiff of this breach of the lease by the extension, being a finding of fact upon evidence not reported, must be accepted;

(3) The term of the lessee was not brought to an end, under the provision of the lease, by the mere giving of notice to quit and the commencement of the action: until entry under that provision, the lessee's estate continued notwithstanding the breach of the condition;

(4) The plaintiff failed to show facts necessary to enable him to maintain proceedings under G. L. c. 239, § 1.

SUMMARY PROCESS for possession of premises numbered 441 Broadway in that part of Boston called South Boston. Writ in the Municipal Court of the South Boston District in the City of Boston dated December 2, 1926.

On appeal to the Superior Court, the action was heard by *Sisk*, J., without a jury. The indorsement upon the lease, stated in the opinion, was made on December 9, 1925. Other material facts found and rulings made by the judge are stated in the opinion. The judge refused requests by the defendant for rulings as follows:

"4. The written agreement of December 9, 1925, indorsed upon the original lease, operated as a renewal of the lease to January 15, 1931.

"5. The right of the plaintiff lessor to terminate the lease because of the bankruptcy of the defendant lessee could be exercised only as the result of a bankruptcy which occurred during the term of the lease."

"7. Subsequent to January 15, 1926, the plaintiff lessor could not terminate the defendant lessee's estate in the premises because of a bankruptcy which occurred prior to said January 15, 1926."

"18. In order to terminate the defendant's leasehold estate for breach of condition it was necessary that the plaintiff lessor enter into and upon the leased premises, or some part thereof in the name of the whole, for the purpose of terminating the lease.

"19. There is no evidence that the plaintiff has ever terminated the lease in accordance with the provisions thereof.

"20. The commencement of this action could not operate as a termination of the lease."

There was a finding for the plaintiff, and the defendant alleged exceptions.

` *A. S. Allen*, for the defendant.

*B. Beerman*, for the plaintiff, submitted a brief.

Rugg, C.J.　This is an action of summary process, wherein the plaintiff seeks to recover possession of a store. The case was tried in the Superior Court without a jury. "Findings of Fact and Rulings of Law" by the trial judge are incorporated in the bill of exceptions and thus are a part of the record. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 135.

These findings of fact must be accepted as true. No evidence is reported. *Norton* v. *Musterole Co. Inc.* 235 Mass. 587, 589. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

The material facts are that the plaintiff, as the owner of the store, executed a lease thereof to the defendant "for three years from Jan. 15th 1923, with an option of a renewal of said lease for five years more after the expiration of this lease, at the same rental . . . ." The option was exercised. Both parties thereupon signed and sealed an indorsement on the lease of this tenor: "The lessee having exercised the option of renewal, the above lease is extended to January 15, 1931, under the terms and conditions therein stated." No new lease was given and no other instrument executed.

Plainly the clause quoted from the lease was an option for renewal. The meaning of that word in leases is settled under our decisions. Concerning it in *Cunningham* v. *Pattee*, 99 Mass. 248, at page 252, occurs this: "The word, *ex vi termini*, imports the giving a new lease like the old one, with the same terms and stipulations; at the same rent and with all the essential covenants." This statement has often been quoted and generally recognized as sound in law. *Leavitt* v. *Maykel*, 203 Mass. 506, 509. *Albiani* v. *Evening Traveler Co.* 220 Mass. 20, 25. *Gardella* v. *Greenburg*, 242 Mass. 405, 407. *Hanna* v. *County of Hampden*, 250 Mass. 107, 109. *Wit* v. *Commercial Hotel Co.* 253 Mass. 564, 570. *Judkins* v. *Charette*, 255 Mass. 76, 80. *Melrose Operating Co.* v. *Porter*, 256 Mass. 138, 140. The intimation to the con-

trary in *Donovan Motor Car Co.* v. *Niles*, 246 Mass. 106, at page 107, was quite unnecessary to the decision and must be regarded as an inadvertence. On the other hand, an option for the extension of a lease does not require or contemplate the execution of a new lease, but the continuance of the original lease for a further term upon compliance with the conditions for the exercise of the option. *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267, 270. *Kramer* v. *Cook*, 7 Gray, 550, 552. *Bradford* v. *Patten*, 108 Mass. 153. *Dix* v. *Atkins*, 130 Mass. 171. *Kimball* v. *Cross*, 136 Mass. 300. *DeFriest* v. *Bradley*, 192 Mass. 346. *Hildreth* v. *Adams*, 229 Mass. 581. *Carlisle* v. *Weiscopf*, 237 Mass. 183, 184. Thus the distinction between an option for a renewal, which contemplates a new lease, and an option for an extension, which contemplates no new lease but a simple prolongation of the original lease for a further term, is firmly established.

The language of the lease in the case at bar indubitably constituted an option of renewal. The parties to the lease might waive the strict terms of their contract. The indorsement on the original lease, while it recites exercise by the lessee of the option of renewal, is not a new lease. In terms it states that "the above lease is extended." This is an accurate description of the effect of the agreement. It was in substance an extension of the original lease and not a new lease. The leasehold estate created by the lease was prolonged by the agreement indorsed thereon, but no new leasehold came into being. In *Wood* v. *Edison Electric Illuminating Co.* 184 Mass. 523, by the original lease the lessee had "the option and right of an additional and further term" upon condition of giving specified notice and executing "a written lease of like tenor" with further stipulations. No new lease was executed, but the parties signed on the back of the lease an agreement that the "term of the within lease is hereby extended" for a stated time with some modifications. It was said at page 527 that a finding was warranted that "the written extension of the term was given and received . . . as and for the additional lease of like tenor, mentioned in the original lease. The original lease was treated as subsisting with certain modifications." That is

precisely what took place in the case at bar. The parties waived the execution of a new lease and in place thereof simply extended the original lease. Recognition of the right of parties to make an extension when the lease called for a renewal is found in the careful statement by Chief Justice Knowlton in *Leavitt* v. *Maykel,* 203 Mass., at page 509: "Under the language used in the present lease, it was necessary that there should be, either the making of a new lease for the additional term, or a formal extension of the existing lease, or something equivalent thereto, in order to bind both parties for a period of two years more." See also, *DeFriest* v. *Bradley,* 192 Mass. 346.

The rights of the parties must be adjusted on the basis of an extension and not a renewal of the lease. That is to say, their rights depend upon the continuance of the old lease and not upon the existence of a new lease.

The lease contained this: "AND PROVIDED ALSO, that these presents are upon condition that . . . if the said Lessee shall be declared bankrupt . . . according to law . . . then . . . the Lessor or those having an estate in the said premises, lawfully may, immediately or at any time thereafter, and while such neglect or default continues, and without further notice or demand, enter into and upon the said premises or any part thereof in the name of the whole, and repossess the same as of their former estate, and expel the said Lessee and those claiming under him and remove his effects (forcibly if necessary,) without being taken or deemed guilty of any manner of trespass, and without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant, and that upon entry as aforesaid the said term shall cease and be ended." The judge found that on April 24, 1923, the defendant was duly adjudicated a bankrupt; "that it was a breach of condition of the defendant's lease, and was an existing breach of condition of the lease at the date when the present action was commenced. . . . that the plaintiff had no knowledge of the defendant's bankruptcy until on or about November 18th, 1926, and that he did not waive the provision in the lease with respect to the bankruptcy of the lessee."

These findings are decisive to the effect that there was a breach of the condition of the lease by the bankruptcy of the lessee. Since there was no new lease but simply an extension of an existing lease, the breach of the conditions of that lease was continuing.

The finding that there was no waiver by the plaintiff of this breach of the lease by the extension must be accepted. Whether there has been a waiver is commonly a question of fact. The other findings amply support the conclusion that there was no waiver. The fact that the plaintiff did not learn of the breach of condition for more than three years is not decisive, especially when coupled with the failure of the lessee to inform him.

It follows that there was no error in the denial of the requests of the defendant for rulings numbered 4 and 7. Whether the reason given was sound is of no consequence. No harm resulted from the denial of request 5. The clause in the lease as to bankruptcy of the lessee, already quoted, created a condition and not a conditional limitation. According to its terms, the leasehold estate was not to come to an end by mere failure to perform the condition; but the lessor might upon such default enter upon the premises and repossess the same, and "upon entry as aforesaid the said term shall cease and be ended." Until entry, the lessee's estate continues notwithstanding the breach of condition; and if no entry is made the estate continues to the end of the term. A clause of this tenor is common in leases and frequently has been before the court for interpretation. It has always been held that its effect is to give the right of reëntry to the landlord, and that by such reëntry alone is the lease terminated. If he does not make such reëntry, the lease continues in force. *Fifty Associates* v. *Howland,* 11 Met. 99, 102. *Shattuck* v. *Lovejoy,* 8 Gray, 204. *Stone* v. *Ellis,* 9 Cush. 95, 101. *Rogers* v. *Snow,* 118 Mass. 118. *Chetteville* v. *Grant,* 212 Mass. 17. *Stockbridge Iron Co.* v. *Cone Iron Works,* 102 Mass. 80, 85. The contract of the parties makes no provision for the termination of the lease by notice to quit in the event that there has been breach of any condition of the lease. There is no provision of statute

for termination of a lease by notice to quit for breach of a condition in the lease such as is here disclosed. See G. L. c. 186, §§ 11, 12.

Under date of November 23, 1926, the lessor sent to the lessee a notice stating that, by reason of the bankruptcy of the lessee, of which the lessor had just learned, the lease was cancelled and the premises must be vacated not later than December 1, 1926. This notice did not terminate the lease. It was not the means provided by the lease for bringing the tenancy to an end in the event of a breach of any of its conditions. It follows that the lease has not been terminated by any act of the lessor shown on the record. Therefore the plaintiff fails to show facts necessary to enable him to maintain the present proceedings under G. L. c. 239, § 1. Decisions in other States upon which the plaintiff relies are not pertinent in view of the settled law of this Commonwealth. There was error in the denial of the defendant's requests 18, 19 and 20.

*Exceptions sustained.*