WILLIAM J. O'BRIEN *vs.* MARY E. HURLEY & another.

Suffolk.    October 9, 1953. — March 3, 1954.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Landlord and Tenant,* Renewal of lease, Extension of lease.

A provision in a lease giving the lessee an option to renew the lease for a further term upon certain written notice of his election to renew contemplated the execution of a new lease or a formal extension of the original lease or something equivalent thereto in order to bind the parties for the further term after the giving of such notice. [174]

Where, under a lease for a term of two years giving the lessee an option to renew for a further term of eighteen years upon certain notice of his election to renew, the lessee duly gave such notice but did not procure a new lease or a formal extension of the original lease or anything equivalent thereto, although he remained in occupancy of the leased premises and paid the rent for some eight years after the expiration of the two year term in the mistaken belief on both his part and that of the lessor that he was occupying under a renewal of the lease, until the premises were sold and conveyed by the lessor to a purchaser who knew of the lease and its terms and of the lessee's occupancy and thereafter was paid the rent by the lessee, there was no renewal or extension of the lease nor was the lessee entitled in equity to a decree requiring the purchaser to give him a renewal lease. [176]

BILL IN EQUITY, filed in the Superior Court on April 6, 1950.

The suit was heard by *Kirk,* J.

*Louis Karp,* for the plaintiff.

*Asa S. Allen, (Ward F. Porter* with him,) for the defendants.

RONAN, J.  One Newton by an indenture dated February 9, 1938, leased to the plaintiff certain premises in Revere for the term of two years commencing April 1, 1938.  The lease gave the plaintiff the privilege of renewal for a further term of eighteen years provided the lessee gave the lessor written notice of his election to renew at least sixty days before the expiration of the initial term.  In a subsequent paragraph, the lessor granted to the lessee an option to purchase the demised premises "at any time during the term of this lease" at a certain price.  The plaintiff entered into the possession of the leased premises and has since continued in occupancy.  The plaintiff on October 18, 1939, sent by registered mail to one Mr. Terminiello a written notice that he desired a renewal of the lease.  Mr. Terminiello, in addition to being the legal representative of the lessor, who resided in California, also had a broad and general power of attorney from the lessor.  Mr. Terminiello advised the lessor and informed the lessee that the giving of this notice constituted a renewal of the lease.  Both the lessor and the lessee continued to deal with each other thereafter while the lessor owned the premises in the mistaken belief that the lessee was occupying the premises under a renewal of the lease.  The defendant Mary E. Hurley purchased the premises on April 9, 1948.  The deed in its final form was expressly subject to leases mentioned in Newton's certificate of title.  So far as the plaintiff's lease was concerned, the certificate under the heading of encumbrances contained a notation of a lease to William J. O'Brien dated February 9, 1938, "2 yrs. fr. April 1, 1938 (with option of renewal & option to purchase)."

The grantee, her husband, who commenced the negotiations for the purchase, and her attorney all believed that the plaintiff was occupying the premises in some manner connected with the lease of February 9, 1938, but none of them knew upon what basis the occupancy subsequent to the ex-

piration of the original term on April 1, 1940, rested. The plaintiff continued to pay rent to the grantee at the rate designated by the lease. His demand upon her in December, 1948, or January, 1949, to transfer the property to him at the price named in the option in the lease was refused. He brought the present bill to require the defendants to convey the property. The demurrer and the plea of the defendants setting up res judicata were overruled with permission to set up the same matters in the answer, which they did. The defendants appealed from a decree overruling the demurrer and the plea. Both parties appealed from a final decree denying any right to the plaintiff to exercise the option to purchase, ordering the defendant grantee to give a renewal lease to the plaintiff, and dismissing the bill against the male defendant.

The plaintiff seeks to exercise the option to purchase; but in order to show that this option was still open to exercise more than eight years after the expiration of the original term of the lease, he must prove that he then had a renewal or extension of the lease, even if we assume in his favor that the option did not come to an end if it was not exercised "at any time during the term of this lease," as those words were used in the lease. The lease contemplated the execution of a new lease for the additional term, *Cunningham v. Pattee*, 99 Mass. 248; *Shannon* v. *Jacobson*, 262 Mass. 463, although the parties in order to save the inconvenience and expense of making a new lease could execute and deliver an extension of the term. *Wood* v. *Edison Electric Illuminating Co.* 184 Mass. 523. Yet in order to bind the parties for the further term it was necessary for the plaintiff to show that he had either a new lease for the additional term or a formal extension of the existing lease or something equivalent thereto. *Leavitt* v. *Maykel*, 203 Mass. 506, 509. *Hanna* v. *County of Hampden*, 250 Mass. 107, 109. *Wit* v. *Commercial Hotel Co.* 253 Mass. 564. *D. A. Schulte, Inc.* v. *Brockton Young Men's Christian Association*, 273 Mass. 335, 342.

Other than giving a notice of his desire to renew, the

plaintiff took no effective steps to secure a renewal or extension of the lease. The mere giving of notice by the lessee did not constitute an extension of the lease. *D. A. Schulte, Inc.* v. *Brockton Young Men's Christian Association,* 273 Mass. 335, 342. By his occupancy subsequent to the initial term and the payment of rent, "under an agreement for and with a right to a renewal, [the lessee] became a tenant at will of the same premises 'with all the rights and privileges that had been annexed to them, and upon the terms and conditions specified in the written lease, except so far as modified by mutual arrangement.' *Walker Ice Co.* v. *American Steel & Wire Co.* 185 Mass. 463, 467." *Wit* v. *Commercial Hotel Co.* 253 Mass. 564, 570, and cases cited.

When a previous suit between the same parties was here, *O'Brien* v. *Hurley,* 325 Mass. 249, it was held upon the facts alleged, including notice of the original lease by the defendants prior to the purchase, that the plaintiff was not entitled to specific performance requiring the defendants to convey the property to him in accordance with the same option to purchase which he is now attempting to enforce. That option could only be kept alive if it was included in the right to a renewal of the lease. The former case and the instant one must rest upon this right of renewal. The principles of law governing the plaintiff's alleged renewal were set forth and it was decided that the receipt of the notice of the plaintiff's election to renew, the acceptance of rent at rates provided in the original lease during the additional term, and the recognition by the lessor that the lease had been extended did not amount to a renewal or extension of the lease or anything equivalent thereto.

The judge found that there was a mutual mistake as to the legal effect of O'Brien's notice of his intention to renew and both Newton and O'Brien had been misled by the opinion of Mr. Terminiello that the giving of the notice constituted a renewal, and that the conduct of Mr. Terminiello with Newton on one hand and with O'Brien on the other hand was the equivalent of an extension of the lease. While there was evidence that the defendants believed that

O'Brien was holding under the lease of February 9, 1938, there was nothing either on the record or otherwise to show the specific grounds upon which such a right had been acquired by O'Brien. There was no renewal or extension of the lease and the holding over by O'Brien under what at most was an implied oral agreement with Newton cannot be enforced against the female defendant who without notice of such agreement purchased the property more than eight years after the expiration of the lease. Such a parol agreement under the circumstances was ineffective to renew or extend the lease for the further term.

The decision in *Ferguson* v. *Jackson,* 180 Mass. 557, was explained in *Leavitt* v. *Maykel,* 203 Mass. 506. We do not follow anything to the contrary in *Melrose Operating Co.* v. *Porter,* 256 Mass. 138, inconsistent with what is here said. See *Klickstein* v. *Neipris,* 283 Mass. 91, 95. It is firmly established in this Commonwealth and recently confirmed that an oral agreement to create, renew, or extend a lease is not enforceable. *Michael Chevrolet, Inc.* v. *Institution for Savings,* 321 Mass. 215. *Chase* v. *Aetna Rubber Co.* 321 Mass. 721. *Chester A. Baker Inc.* v. *Shea Dry Cleaners Inc.* 322 Mass. 311. See also *Emery* v. *Boston Terminal Co.* 178 Mass. 172.

The interlocutory decree has become immaterial and is affirmed. The final decree must be reversed and a decree entered dismissing the bill with costs.

*So ordered.*