Rockingham,
No. 4914.

FRANK GODDARD, JR. *& a.* v. LYNDLEY T. PEASE *& a.*

Argued April 4, 1961.

Decided May 31, 1961.

*Richard P. Dunfey* and *Robert Shaw* (*Mr. Shaw* orally), for the plaintiffs.

*George R. Scammon* and *John B. Ford* (*Mr. Ford* orally), for the defendants.

DUNCAN, J. By the great weight of authority an option for renewal of a lease upon the same terms and conditions, without more, does not carry with it an option for additional renewals after the first. I American Law of Property, *s.* 3.87; Bennett, Landlord & Tenant, *s.* 106. See cases collected in annotation, 31 A.L.R. 2d 607, 615, 623. Thus if the agreement of March 31, 1954 was itself a renewal of the original lease, it carried with it no right to a further renewal extending beyond April 1, 1959, and the ruling of the Trial Court was correct.

The lease of July 10, 1946 was first renewed or extended at the expiration of the first five-year term on April 1, 1952. Under the authorities heretofore cited, this entitled the lessees to occupy the premises until April 1, 1957, but without right of further renewal. During the second five-year term, and three years before its expiration, the plaintiffs as new owners of the business conducted on the leased premises agreed with the owner of the premises by endorsement on the lease under date of March 31, 1954 to a "renewal" as of that date, "with the same rent and the same conditions as contained in the original lease."

A "renewal" of a lease commonly imports an extension of the tenancy for a like term, from and after the termination of the current term. *Cf. Maybury Shoe Co. v. Company*, 88 N. H. 172. "If the covenant for a renewal is general and unqualified . . . it will be presumed that the renewal lease was to be for the same duration as the former lease in the absence of a provision to the contrary . . . . " 2 Underhill, Landlord & Tenant 1369.

The agreement of March 31, 1954 was not technically a "renewal" of the original lease, since three years of the current term remained unexpired, and the agreement created a new term to commence on the following day. The parties did not undertake to renew a lease on its expiration three years later. The purpose of the agree-

ment was to cancel the subsisting lease and its unexpired term, and to create a new lease to new lessees, for a new term commencing April 1, 1954, upon conditions incorporated by reference from the lease of July 10, 1946 upon which the new agreement was endorsed. *Cf. Shannon* v. *Jacobson,* 262 Mass. 463, 466, 468. It is evident that the parties intended the conditions thus incorporated by reference to include "the same conditions as contained in the original lease." Since the effect of the action of the parties was to create a new lease, rather than renew the existing lease, the terms incorporated by their agreement included the provision for a five-year renewal at the expiration of the first five-year term. We are of the opinion that as between the parties to the agreement (RSA 477:7), the plaintiffs became entitled to possession for five years, or in case of a renewal for ten years, from April 1, 1954.

The defendants have argued that the evidence excluded by the Trial Court was properly excluded, since there was no "offer to prove that [the defendants] had any knowledge or notice . . . of the transactions" between the plaintiffs and the defendants' predecessors. In view of our interpretation of the agreement of March 31, 1954 the exclusion of the proffered evidence concerning the intention of the parties becomes moot since it was offered to establish the intention which we consider was manifested by the written agreement.

The remaining issue is whether the defendants are bound by the agreement of March 31, 1954. The record indicates that the defendants, as purchasers of the leased premises, acquired them "subject to outstanding tenancies and leases" and that they had actual notice of the terms of the agreement of March 31, 1954 since it appeared upon the original lease on which the administrator of the original lessor endorsed his assignment to the defendants of all of the estate's interest therein. *Cf. Pratte* v. *Balatsos,* 99 N. H. 430; 101 N. H. 48. We hold that the defendants acquired the property subject to the plaintiffs' right to renew the lease for a five-year term commencing April 1, 1959 and that the plaintiffs' bill was erroneously dismissed.

*Decree vacated; remanded.*

All concurred.