*Northern District*
No. 5831
**JOSEPH H. MILLAR**
**v.**
**PRISCILLA HENDERSON**
May 8, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Harrington, J.* in the District Court of Eastern Essex. No. 17694.

*Brooks, P. J.* This is an action in tort for damages arising out of defendant's failure to carry out an agreement to rent plaintiff's real estate. The issue before us is the correctness of the trial judge's action in sustaining defendant's demurrer to plaintiff's declaration. The declaration and demurrer read as follows:

## DECLARATION

"The plaintiff, a resident of Saltsburg, in the State of Pennsylvania, owning real estate in Gloucester, Essex County, Commonwealth of Massachusetts, says that the defendant by fraudulently representing to the plaintiff her intention of becoming a tenant of a furnished summer cottage, called 'Underledge,' in Annisquam, a district of said Gloucester, for the month of August, 1963, induced the plaintiff to keep the real estate vacant for a period of time until a lease could be signed and a deposit made by the defendant from her home in Stratford-Wayne, in the State of Pennsylvania; whereas the defendant did not intend to become a tenant and did not inform the plaintiff thereof for a period of time, knowing that the plaintiff relied upon performance.

"The plaintiff says that as a result of the false representation his conduct was influenced as aforesaid and he suffered damage in that he was not able to find another tenant

until August 18 for the remaining sixteen days of the summer season."

## DEMURRER

"The defendant, Priscilla Henderson, demurs to the plaintiff's declaration and for causes of demurrer says:—

"1) The plaintiff's declaration does not state a legal cause of action against the defendant.

"2) It is obvious from the plaintiff's declaration that he is attempting to recover under an executory agreement for the lease of land and buildings, which is clearly barred by the statute of frauds as set forth in §1 of Chapter 259 of the General Laws.

"3) The plaintiff's declaration fails to set forth facts sufficient to warrant a recovery in tort for a fraudulent representation."

Defendant argues first that plaintiff has not sufficiently set forth the elements which must be charged to form a basis for an action of deceit. These elements usually stated are: (1) The defendant made a false representation of a material fact, (2) with knowledge of its falsity, (3) for the purpose of inducing the plaintiff to act thereon. (4) The plaintiff acted thereon. (5) The plaintiff was damaged.

The declaration alleges a fraudulent misrepresentation of a material fact. This implies knowledge of the falsity. The fair inference is that it was made for the purpose of inducing plaintiff to act upon it. The declaration alleges that plaintiff did act and was damaged.

Defendant argues that there was no allegation that defendant intended to deceive plaintiff at the time of the alleged misrepresentation. This is hardly a fair interpretation of the language in the declaration which states that defendant by fraudulently representing to plaintiff her intention of becoming a tenant . . . . . induced plaintiff, etc. How else can the language be interpreted than to mean that from the beginning defendant intended to deceive plaintiff?

Defendant's main argument is that the agreement which plaintiff claims was fraudulently conceived and intentionally breached was within the Statute of Frauds and therefore being unenforceable offered no valid basis for the present action.

Defendant cites, in support of this contention, *O'Brien v. Hurley,* 331 Mass. 172. This was a bill in equity involving renewal of a lease. The court held, among other things, that an oral agreement to create, renew or extend a lease was not enforceable. That, however, is not the point in the case before us. Here the issue is whether an action *in tort for deceit* lies where the agreement itself could not be enforced. On this point the court in *Davis v. Downer,* also a bill in equity, 210 Mass. 573, said at p. 576:

> "The question is whether the oral promise by Iretta Davis to convey is enforceable. The statute of frauds is urged against its enforcement. But fraud itself may be enough to avoid the defense of the statute of frauds. Where a person has been

induced to make expenditures upon the land, to construct improvements thereon or to change his situation materially in reliance upon the performance of the oral agreement and in expectation of the rights to be acquired thereby, refusal to carry out the agreement is not merely deprivation of the rights it was intended to confer, which alone is within the statute of frauds, but is, in addition, an infliction of an unjust and unconscientious injury and loss. In such case, the party is held, by force of his acts or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute of frauds."

In point also is *Schliefer v. Worcester North Savings Institution,* 306 Mass. 226 where the suit was in contract or tort for deceit and the court said:

"If we assume that the statute of frauds, G. L. (Ter. Ed.) c. 259, §1, Fourth, would have been a defense to an action against the bank for breach of contract, it is not a defense for this action of tort." (for deceit)

There is an interesting, philosophical discussion of an analogous subject in an article by Warren Seavey in 64 Harvard Law Review, 913, entitled "Reliance Upon Gratuitous Promises and Other Conduct."

" . . . . . An oral promise within the Statute of Frauds, which the promisor does not intend to perform, presents a particularly difficult situation. Since the purpose of the Statute is to prevent the use of oral evidence because of the difficulty of disproving it, it can well be argued that the admission in evidence of an oral promise, even

where there is evidence of an intent not to perform, flies directly into the teeth of the Statute. (Cases cited.) . . . . . On the other hand, it has been successfully argued that refusal to admit such evidence causes the Statute of Frauds and the parol evidence rule to be a trap; if the evidence is clear and convincing, that is, satisfactory to the court, the evidence is admissible for the purpose of establishing an action for deceit, rescission or reformation, or to establish a constructive trust. (Cases cited.) Whether one agrees or disagrees with the result reached very largely depends upon what is thought about the efficacy of the Statute of Frauds and the parol evidence rule as a means of preventing fraudulent swearing."

The defendant's demurrer should have been overruled. *It is so ordered and the case is to stand for trial.*

Louis Albert, of Gloucester, for the Plaintiff.
Richard Clark, of Gloucester, for the Defendant.